**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 9, 2005[*]
Decided June 30, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1698

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> RONALD WIGGINS, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Central District of Illinois <br><br> No. 03-CR-20032 <br><br> Michael P. McCuskey, <br> *Chief Judge*. |

**O R D E R**

Ronald Wiggins was found guilty of robbing a credit union, 18 U.S.C. § 2113(a), and sentenced to 20 years' imprisonment. His appointed appellate attorney filed a notice of appeal but now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to find a nonfrivolous issue for appeal. Wiggins was notified of counsel's motion, *see* Cir. R. 51(b), and has responded. We limit our review of the record to those potential issues identified in counsel's facially adequate brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997), and in Wiggins' submissions. Because we conclude that all of the

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Accordingly, this appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

possible arguments discussed by counsel and Wiggins are frivolous, we grant the motion to withdraw and dismiss Wiggins' appeal.

On the morning of April 30, 2003, Illinois state troopers stopped Wiggins for a traffic violation on Interstate 57. They conducted a routine identification check and were advised that there was a federal warrant for his arrest. They seized $9,500 from a box in the trunk of the car and more than $500 from Wiggins' pants pockets. As he was being placed in a squad car, Wiggins exclaimed that the money was "not bank robbery money." Authorities later discovered that four of the bills found on Wiggins were prerecorded "bait bills" taken during the robbery of the Land of Lincoln Credit Union on April 19, 2003.

Witnesses identified Wiggins as the credit union robber. FBI agents Jeffrey Warren and Brian Shepard had recognized Wiggins in a credit union surveillance videos and photo stills from past contacts with him, and on this basis they included Wiggins' photo in a lineup. In addition, two of the six witnesses who viewed the photo lineup identified Wiggins as the robber.

After the jury returned a guilty verdict, the district court sentenced Wiggins according to the probation officer's guideline calculations. As recounted in the presentence report, the robbery offense carried a base offense level of 20 that was increased by 9 levels because Wiggins took $10,000 or less from a financial institution with the use of a firearm. *See* U.S.S.G. § 2B3.1(a), (b)(1), (b)(2)(B), (b)(7)(b). However, because Wiggins had two prior controlled substance offenses, he is a "career offender" under the guidelines; that designation jumped his offense level to 32 and his criminal history to Category VI, with a corresponding guideline imprisonment range of 210 to 262 months. *See* U.S.S.G. § 4B1.1 (a), (b). Wiggins was sentenced to 240 months, the maximum under the statute. *See* 18 U.S.C. § 2113(a).

Counsel first queries whether Wiggins might challenge the judge's decision at trial to admit Agent Warren's testimony that he recognized Wiggins from the bank video and photo stills based on past observations of how Wiggins looks and moves. This is precisely the kind of personal knowledge that Federal Rule of Evidence 602 requires of witness testimony, and therefore it would be frivolous to argue that the judge clearly abused his discretion in allowing Warren's testimony, which made no reference to any prior misconduct by Wiggins. *See United States v. Joy*, 192 F.3d 761, 767 (7th Cir. 1999). This argument would also be frivolous because, as counsel points out, the evidence of Wiggins' guilt was so overwhelming that any error in admitting the evidence was harmless. *See United States v. Jones*, 389 F.3d 753, 757-58 (7th Cir. 2004).

Second, both counsel and Wiggins consider whether Wiggins might be able to challenge his sentence under *Booker v. United States*, 125 S.Ct. 738 (2005). At the sentencing hearing, Warren testified that several cooperating witnesses told him that Wiggins admitted to committing an armed robbery of another bank, and that victims of a convenience store robbery that occurred two weeks before the credit union robbery identified Wiggins as the perpetrator. Based in part on this hearsay evidence, the judge sentenced Wiggins to the statutory maximum (a term still within the guideline range), and said that if he could he would have sentenced Wiggins to life imprisonment. The judge "promised" that if Wiggins were to violate the law after his release from prison, the court would "come back even . . . in a wheelchair" to resentence him. The agent's testimony, however, did not implicate *Booker* because the evidence concerning Wiggins' uncharged crimes did not increase the guideline range. What did affect the range was Wiggins' status as a career offender, but an increase in offense level premised on prior convictions does not raise constitutional concerns. *See Almendarez-Torres*, 523 U.S. 224, 235 (1998) (fact of a prior conviction is a sentencing factor that need not be proven to a jury beyond a reasonable doubt); *see also United States v. Shepard,* 125 S.Ct. 1254, 1264 (2005) (Thomas, J. concurring) (pointing out that Court has not yet reconsidered *Almendarez-Torres*); *United States v. Ngo*, 406 F.3d 839, 842 (7th Cir. 2005) (explaining that *Almendarez-Torres* exception for prior convictions survives *Shepard*). Wiggins could still argue that *Booker* is implicated given that the district court applied the guidelines as mandatory, *see United States v. White*, 406 F.3d 827 (7th Cir. 2005); *United States v. Castillo*, 406 F.3d 806 (7th Cir. 2005), but given the judge's statements at sentencing, it would be frivolous to argue that this claim could gain Wiggins any relief. *See United States v. Lee*, 399 F.3d 864, 867 (7th Cir. 2005); *see also United States v. Paladino*, 401 F.3d 471, 483 (7th Cir. 2005).

In his own submissions, Wiggins first argues that the government failed to prove that the credit union was federally insured, an element of the offense. *See United States v. Harris*, 914 F.2d 927, 933-34 (7th Cir. 1990); *United States v. Taylor*, 728 F.2d 930, 933 (7th Cir. 1984). This argument would be frivolous because at trial he stipulated that the credit union was insured by the National Credit Union Administration Board. *See* 18 U.S.C. 2113(a), (g).

Wiggins also suggests challenging his career offender status on the ground that the court relied on inappropriate sources to determine that he had two prior controlled substance offenses. He relies on *Shepard*, which holds that sentencing courts may refer only to official judicial records, such as charging documents and plea agreements, but not police reports, to determine the nature of of a defendant's prior convictions. *See Shepard* 125 S.Ct. at 1263; *see also United States v. McGee,* No. 01-2493, 2005 WL 1324815, at *18 (7th Cir. Jun. 3, 2005) (holding that *Shepard*

applies with equal force to the career offender provision).  Wiggins' argument is frivolous because his two prior convictions under Illinois law for manufacturing or possessing controlled substances with the intent to deliver was all the information the judge needed to know that Wiggins had the requisite priors for career offender status.  *See United States v. Mueller*, 112 F.3d 277, 281 (7th Cir. 1997) (holding that conviction under a statute that prohibits the manufacture or distribution of a controlled substance is a controlled substance offense).

Finally, Wiggins suggests that he could argue that he received ineffective assistance of counsel.  Although it appears highly unlikely that any of Wiggins' complaints about his counsel's performance could support a claim for ineffective assistance, we would not review that claim on direct appeal since counsel also represented Wiggins at trial.  *United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999).  Wiggins can pursue an action under 28 U.S.C. § 2255 if he wishes to challenge his counsel's performance.  *Massaro v. United States,* 538 U.S. 500, 509 (2003); *Martinez*, 169 F.3d at 1052.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.