In the

# United States Court of Appeals

## For the Seventh Circuit

———————

Nos. 06-3350 & 06-3351

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VERNON BONNER AND
MARIA MAGANA-BONNER,

*Defendants-Appellants.*

———————

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 670—**George W. Lindberg**, *Judge*.

———————

ARGUED SEPTEMBER 18, 2007—DECIDED APRIL 14, 2008

———————

Before EVANS, WILLIAMS, and SYKES, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. For seventeen years, Vernon Bonner and his wife, Maria Magana-Bonner, lied to the federal government and received Social Security benefits for non-existent medical conditions and non-existent children. During this time, Maria Magana-Bonner also lied to obtain federal and state higher-education grants. On August 1, 2002, a jury convicted both defendants on multiple counts of wire fraud and theft of government funds, and convicted Maria of mail fraud and theft of

educational funds.[1]

The defendants do not challenge their convictions on appeal; rather, they challenge various aspects of restitution payments they are required to make under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. In particular, the defendants claim that restitution under the MVRA is a criminal punishment and that the facts underlying the restitution amount must be proven beyond a reasonable doubt to a jury. Vernon Bonner also claims the district court improperly calculated his advisory guidelines range by relying on the loss he intended to cause the government rather than the loss actually suffered by the government.

These arguments lack merit. This court has consistently held that restitution under the MVRA is not a criminal punishment and does not need to be proven to a jury. And the district court properly relied on intended loss in calculating Vernon Bonner's advisory guidelines range. Therefore, we affirm the district court's awards of restitution. We also remand both cases so the district court can correct certain clerical errors in the judgments.

## I. BACKGROUND

This is the third time these cases are before us. Initially, after the defendants were convicted, the district court imposed terms of imprisonment and added a special condition to the defendants' supervised releases making them ineligible to receive certain federal benefits until they

---

[1]  For a more complete description of the facts, see *United States v. Bonner*, Nos. 02-4272 & 03-1288 (7th Cir. May 20, 2005) (unpublished).

paid restitution. On appeal, we vacated this special condition and also ordered a limited remand in accordance with the procedures set forth in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), which requires the sentencing judge to determine whether he would have sentenced the defendants differently had the matter been decided after *United States v. Booker*, 543 U.S. 220 (2005). *See Bonner* (7th Cir. May 20, 2005) (unpublished).

After the original sentencing judge recused himself, the cases were reassigned to the present district judge, who found that he could not make the determination required under *Paladino*, since he was not the one who had previously sentenced the defendants. He merely entered an amended judgment and commitment order for each defendant removing the special conditions that had restricted them from obtaining federal benefits. The defendants then moved for this court to order the district court to carry out the limited remand. We denied that motion, vacated the defendants' sentences, and remanded to the district court for a full resentencing. *United States v. Bonner*, 440 F.3d 414, 415 (7th Cir. 2006).

On July 26, 2006, the district court re-sentenced Vernon to 78 months' imprisonment and ordered restitution of $434,617.30. A week later, the court re-sentenced Maria to 63 months' imprisonment and ordered restitution of $459,616.30.

## II. ANALYSIS

### A. The defendants are not entitled to a jury trial on facts supporting the restitution order.

The defendants claim that the district court erred by ordering restitution without accounting for various

protections set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Booker*, 543 U.S. 220 (2005). These cases hold that facts underlying certain criminal punishments must be proven beyond a reasonable doubt to a jury. The defendants claim that restitution is in fact a criminal punishment and these protections apply. In making this claim, the defendants rely on *Pasquantino v. United States*, 544 U.S. 349, 365 (2005), which mentions in passing, "The purpose of awarding restitution [under the MVRA] in this action is not to collect a foreign tax, but to mete out appropriate criminal punishment for that conduct." The defendants also point to restitution awards in other contexts in which courts have suggested restitution is a criminal punishment. *See Kelly v. Robinson*, 479 U.S. 36, 46-49, 49 n.10 (1986) (describing restitution imposed as part of a state probationary criminal sentence as a "penalty" that could not be discharged in bankruptcy proceedings); *United States v. Fountain*, 768 F.2d 790, 800-01 (7th Cir. 1985) (describing restitution under the federal Victim and Witness Protection Act as a "traditional criminal remedy").

The problem with the defendants' argument is that we have rejected it many times, even after *Pasquantino* was decided. *See, e.g., United States v. Lagrou Distrib. Sys.*, 466 F.3d 585, 593 (7th Cir. 2006) ("We reiterate: restitution is not a penalty for a crime for *Apprendi* purposes since restitution for harm done is a classic civil remedy that is administered for convenience by the courts that have entered criminal convictions." (internal quotation marks omitted)); *United States v. Seals*, 419 F.3d 600, 610 (7th Cir. 2005); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). Restitution under the MVRA is not a criminal punishment, at least not in this circuit. *But see, e.g., United*

*States v. Leahy*, 438 F.3d 328, 335 (3d Cir. 2006) ("[C]onsistent with the view of the majority of the Circuits to have addressed this issue, [we reaffirm] that restitution ordered as part of a criminal sentence is criminal rather than civil in nature.").

Moreover, even if we were to reconsider our previous decisions and recharacterize restitution as a criminal punishment, *Apprendi* and its progeny would not require us to invalidate the defendants' sentences. For example, the Third Circuit, which recognizes that restitution under the MVRA is a criminal penalty, has held:

> [E]ven though restitution is a criminal punishment, it does not transform a defendant's punishment into something more severe than that authorized by pleading to, or being convicted of, the crime charged. Rather, <u>restitution constitutes a return to the status quo</u>, a fiscal realignment whereby a criminal's ill-gotten gains are returned to their rightful owner. In these circumstances, <u>we do not believe that ordering a convicted defendant to return ill-gotten gains should be construed as increasing the sentence authorized by a conviction pursuant to *Booker*</u>.

*Id.* at 338 (emphases added); *see also United States v. Milkiewicz*, 470 F.3d 390, 404 (1st Cir. 2006) ("Post-conviction judicial fact-finding to determine [the] amount [of restitution] by no means imposes a punishment beyond that authorized by jury-found or admitted facts, or beyond the statutory maximum as that term has evolved in the Supreme Court's Sixth Amendment jurisprudence." (internal quotation marks and alteration omitted)); *United States v. Belk*, 435 F.3d 817, 819 (7th Cir. 2006) ("[The defendant's] protest about the amount of restitution

likewise fails to the extent it rests on *Booker*, for restitution lacks a 'statutory maximum' and the whole *Apprendi* framework (of which *Booker* is an instance) therefore is inapplicable.").

Alternatively, the defendants suggest that if restitution is a civil remedy, then the Seventh Amendment guarantees them a jury trial. The defendants muster no support for this claim. Perhaps that is because we have already implicitly rejected this argument. *See United States v. Scott*, 405 F.3d 615, 619 (7th Cir. 2005) ("[T]he amount of criminal restitution is determined by the judge, whereas a suit for damages is a suit at law within the [Seventh] [A]mendment's meaning."); *see also Kelly*, 479 U.S. at 53 n.14 (noting the uniformity among lower courts in finding the Seventh Amendment inapplicable to restitution orders in the context of the federal Victim and Witness Protection Act).

### B.  The district court properly calculated the restitution amounts and guideline ranges.

Next, the defendants argue that the amount of restitution must be limited to the amount of loss that was proven to the jury beyond a reasonable doubt. This argument rests solely on the assumption that *Booker* applies to restitution claims. Because the defendants' assumption is wrong, this argument has no traction. Moreover, the restitution ordered here tracks the amount the defendants swindled from the state and federal governments. The record indicates that the defendants stole a total of $434,617.30 from the Social Security Administration; they face joint and several liability for restitution on that amount. Additionally, Maria Bonner defrauded the U.S. Department of Education and the State of Illinois of $24,999.00 in educa-

tional grants; only she must pay restitution for that money. These amounts precisely match the restitution ordered by the district court.

Additionally, Vernon Bonner claims the district court erred in considering intended loss when determining his applicable guidelines range. But that was precisely the kind of loss the district court was supposed to consider. *See United States v. Wallace*, 458 F.3d 606, 612 (7th Cir. 2006), *vacated on other grounds*, 128 S. Ct. 856 (2008) (noting that the court was "troubled by the fact that the judge said that she thought that culpability should be measured by actual loss rather than intended loss. This was not an appropriate consideration, as the guidelines have already made the judgment that intended loss is what counts."); U.S. Sentencing Guidelines Manual § 2B1.1. cmt. n.3(A) (2006) (noting that the applicable loss is generally "the greater of actual loss or intended loss").

### C.  Clerical errors in the judgments require remand.

Finally, the defendants point out that the district court's written judgments still prohibit the defendants from obtaining any federal benefits until they have completed their restitution payments, even though the district court did not mention this requirement when pronouncing judgment at the sentencing hearings. The government agrees that the district court erred by including these conditions in the written judgments, but claims these were merely clerical errors. The defendants do not dispute this characterization.

We agree that these errors were likely clerical in nature, as we had issued a previous order prohibiting the district court from imposing such conditions on the defendants. *See*

*Bonner* (7th Cir. May 20, 2005) (unpublished). Moreover, "[i]f an inconsistency exists between an oral and the later written sentence, the sentence pronounced from the bench controls." *United States v. Becker*, 36 F.3d 708, 710 (7th Cir. 1994). So these conditions should be removed from the written judgments.

It is conceivable that we could correct these clerical errors on our own, without remanding to the district court. *See* Fed. R. Crim. P. 1(a)(1) (noting that these rules govern all criminal proceedings in both federal district courts and courts of appeals) and Fed. R. Crim. P. 36 ("[T]he court may at any time correct a clerical error in a judgment . . . ."); *see also United States v. Boyd*, 208 F.3d 638, 649 (7th Cir. 2000), *vacated on other grounds*, 531 U.S. 1135 (2001) (correcting a clerical error without remand). But we generally have asked district courts to make such corrections themselves on a limited remand. *See, e.g., United States v. Bullock*, 857 F.2d 367, 372-73 (7th Cir. 1988); *United States v. Thomas*, 774 F.2d 807, 814 (7th Cir. 1985). Accordingly, we do the same here.

### III. CONCLUSION

The judgments are AFFIRMED, but the cases are REMANDED solely for the district court to correct the above-specified clerical errors in the judgments.