In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3393

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JERMANE C. JOHNSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:95-cr-40083-JPG-2—**J. Phil Gilbert**, *Judge.*

ARGUED APRIL 2, 2009—DECIDED JULY 9, 2009

Before BAUER and FLAUM, *Circuit Judges,* and KAPALA, *District Judge.**

BAUER, *Circuit Judge.* In 1996, Johnson pleaded guilty to conspiracy to distribute and possess with the intent to distribute crack cocaine. 21 U.S.C. § 846. Under the 1995 United States Sentencing Commission Guidelines Manual, a 38 base offense level applied to any case when

---

* Of the Northern District of Illinois, sitting by designation.

a defendant's relevant conduct involved 1.5 kilograms or more of crack cocaine. As part of his plea, Johnson agreed that his relevant conduct involved 1.5 kilograms or more of crack cocaine. The presentence investigation report (PSR) that had been prepared for Johnson's sentencing calculated his relevant conduct at 4,536 grams of crack cocaine. The district court sentenced Johnson to 192 months' imprisonment, which was later reduced to 180 months.

Twelve years later, the Sentencing Commission reduced the penalties for crack cocaine offenses by amending, and applying retroactively, § 2D1.1 of the Sentencing Guidelines; in general, under the amended Guidelines, a defendant with less than 4.5 kilograms of crack cocaine could be eligible for a retroactive, two level reduction in base offense level.

To take advantage of the revised Guidelines, Johnson moved the district court, under 18 U.S.C. § 3582(c)(2), to reduce his sentence. Johnson claimed that the PSR contained a mathematical error that led to the finding of 4,536 grams. According to Johnson, a correct calculation of his relevant conduct would have made him eligible for a two-point reduction.

The district court disagreed and denied Johnson's motion; it found that it did not have jurisdiction to revise the PSR because Johnson's relevant conduct exceeded 4.5 kilograms, rendering the retroactive amended Guidelines inapplicable. The court classified Johnson's motion as an effort to find that a "lesser amount of crack cocaine was involved in his relevant conduct, such that

he might be eligible for a sentence reduction under the amended Guidelines." The court found that there was no jurisdiction for such a collateral attack on a prior sentencing calculation. Further, it noted that even if the PSR contained a mathematical error, there was no jurisdiction to reconsider the factual basis for Johnson's relevant conduct determination.

This timely appeal followed.

## II. DISCUSSION

Johnson argues that 18 U.S.C. § 3582(c)(2) entitles him to a two-point base offense level reduction because the finding of 4,536 grams of cocaine base was improperly calculated through "faulty math" and the district court should have corrected this clerical error under Fed. R. Crim. P. 36. "We review a challenge to the district court's authority to modify a sentence de novo." *United States v. Lawrence*, 535 F.3d 631, 634 (7th Cir. 2008).

Generally, district courts have limited power to revisit sentences after they are imposed. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). A district court, however, does have the authority to modify a sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Under the revised USSG § 2D1.1, which was made retroactive, the two level reduction of a base offense level does not apply when the relevant conduct involved more than

4.5 kilograms of the drug. Because Johnson's relevant conduct was found to be more than 4.5 kilograms (4,536 grams), the district court did not have jurisdiction to adjust Johnson's sentence by revising the PSR.

A court can, however, correct "arithmetical, technical, or other clear error[s]" within seven days after sentencing, Fed. R. Crim. P. 35(a), or correct a "clerical error" in a judgment or order at any time. Fed. R. Crim. P. 36. According to Johnson, his § 3582(c)(2) motion was not a collateral attack on the sentence; rather, it was a motion to clarify a mathematical error, which led to a finding of 4,536 grams, that could have been corrected under the Federal Rules of Criminal Procedure. If the district court corrected the error, Johnson argues, the drug amount involved in his relevant conduct would have fallen under the 4.5 kilograms cap and permitted the two level reduction.

Specifically, Johnson argues that the method used in reaching 4,536 grams of crack cocaine was incorrect. Regarding the drug amount, the PSR's preparer noted that she would use a conservative estimate of the drug amount range for the relevant drug period; ultimately, a higher reported amount was used. A probation officer later verified that calculation errors were made by using the higher drug estimate in arriving at the relevant conduct figure. Johnson argues that because of these errors (miscalculations in the variables that led to amounts later added together), the district court should have invoked its authority under Rule 36 to revise the PSR to reflect a lower relevant conduct amount.

At oral argument, Johnson assured us that his appeal is based on a "mathematical error," and not on a collateral attack denying responsibility for the relevant conduct listed in the PSR. We agree with the district court, however, that Johnson's motion was a collateral attack on his sentence. The challenge is not to the mathematical calculation, but to the variables that led to the amounts used in the relevant conduct calculation.

Rule 36 is limited to errors that are clerical in nature, typically where the written sentence differs from the oral pronouncement of the sentence, not judicial mistakes. *See Lawrence*, 535 F.3d at 635 ("Rule 36 . . . cannot be used to fix judicial gaffes.") (citations and internal quotations omitted). Although a district judge may correct a final judgment in a criminal case to reflect the sentence he actually imposed, "he cannot change the sentence he did impose even if the sentence was erroneous." *Id*. at 636 (quoting *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006)). Rule 36 simply does not apply; nothing in the record indicates that a relevant conduct finding involving 4,536 grams of crack cocaine was added to the overall sentencing calculation without the district court's knowledge or approval. *See United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008).

Finding no clerical error, there is no jurisdiction to change the 4,536 gram finding. The district court's finding is AFFIRMED.