**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus NUNEZ–NATIVIDAD,**
**Defendant–Appellant.**

No. 09–4109.

United States Court of Appeals, Seventh Circuit.

Submitted July 28, 2010.[*]

Decided July 28, 2010.

Matthew Madden, Attorney, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Richard H. Parsons, Attorney, Office of the Federal Public Defender, Peoria, IL, A. Brian Threlkeld, Attorney, Office of the Federal Public Defender, Urbana, IL, for Defendant–Appellant.

Before WILLIAM J. BAUER, Circuit Judge, MICHAEL S. KANNE, Circuit Judge, DIANE P. WOOD, Circuit Judge.

**ORDER**

Jesus Nunez–Natividad, a Mexican citizen who has twice been removed from the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2)(C).

United States, pleaded guilty to being in the country again without authorization. *See* 8 U.S.C. § 1326(a). At sentencing, the district court imposed a term of 57 months' imprisonment, to be followed by a 3–year term of supervised release. The written judgment, however, states that the term of supervised release is to be 4 years.

Nunez–Natividad raises but one issue on appeal. He argues—and the government concedes—that the 4–year term of supervised release stated in the written judgment exceeds the maximum authorized by statute and conflicts with the oral pronouncement at sentencing. The parties seek a remand for correction of the judgment.

We agree with the parties that the written judgment is erroneous. Nunez–Natividad was convicted of an aggravated felony before he was first removed from the United States, so the statutory-maximum term of imprisonment for his § 1326(a) violation was 20 years, making it a Class C felony. *See* 8 U.S.C. § 1326(b)(2); 18 U.S.C. § 3559(a)(3). The district court thus could not impose a term of supervised release longer than 3 years. *See* 18 U.S.C. § 3583(b)(2); *United States v. Showalter*, 933 F.2d 573, 574 (7th Cir.1991). But even if the statute permitted a 4–year term, the written judgment could not be given effect because it conflicts with the court's oral pronouncement. *See United States v. Bonner*, 522 F.3d 804, 808 (7th Cir.2008).

A remand is unnecessary, however, because we can correct the error ourselves. The discrepancy in the written judgment is a clerical error, correctable at any time under Federal Rule of Criminal Procedure 36. *See United States v. Johnson*, 571 F.3d 716, 718 (7th Cir.2009); *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir.

2006). Rule 36 permits us to fix clerical mistakes ourselves. *See* FED.R.CRIM.P. 1(a)(1) (Rules apply in criminal proceedings in courts of appeals); *United States v. Pulley*, 601 F.3d 660, 668 n. 4 (7th Cir. 2010); *see also United States v. Boyd*, 208 F.3d 638, 649 (7th Cir.2000), *vacated on other grounds*, 531 U.S. 1135, 121 S.Ct. 1072, 148 L.Ed.2d 949 (2001). The clerk of the district court is ordered to amend the written judgment to conform with the sentencing judge's oral pronouncement that Nunez–Natividad's term of supervised release is 3 years. With that modification, we AFFIRM the judgment of the district court.