**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 28, 2010[*]
Decided July 28, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-4109

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 1034 |
| JESUS NUNEZ-NATIVIDAD *Defendant-Appellant.* | Matthew F. Kennelly, *Judge.* |

**O R D E R**

Jesus Nunez-Natividad, a Mexican citizen who has twice been removed from the United States, pleaded guilty to being in the country again without authorization. *See* 8 U.S.C. § 1326(a). At sentencing, the district court imposed a term of 57 months'

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

imprisonment, to be followed by a 3-year term of supervised release. The written judgment, however, states that the term of supervised release is to be 4 years.

Nunez-Natividad raises but one issue on appeal. He argues—and the government concedes—that the 4-year term of supervised release stated in the written judgment exceeds the maximum authorized by statute and conflicts with the oral pronouncement at sentencing. The parties seek a remand for correction of the judgment.

We agree with the parties that the written judgment is erroneous. Nunez-Natividad was convicted of an aggravated felony before he was first removed from the United States, so the statutory-maximum term of imprisonment for his § 1326(a) violation was 20 years, making it a Class C felony. *See* 8 U.S.C. § 1326(b)(2); 18 U.S.C. § 3559(a)(3). The district court thus could not impose a term of supervised release longer than 3 years. *See* 18 U.S.C. § 3583(b)(2); *United States v. Showalter*, 933 F.2d 573, 574 (7th Cir. 1991). But even if the statute permitted a 4-year term, the written judgment could not be given effect because it conflicts with the court's oral pronouncement. *See United States v. Bonner*, 522 F.3d 804, 808 (7th Cir. 2008).

A remand is unnecessary, however, because we can correct the error ourselves. The discrepancy in the written judgment is a clerical error, correctable at any time under Federal Rule of Criminal Procedure 36. *See United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009); *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006). Rule 36 permits us to fix clerical mistakes ourselves. *See* FED. R. CRIM. P. 1(a)(1) (Rules apply in criminal proceedings in courts of appeals); *United States v. Pulley*, 601 F.3d 660, 668 n.4 (7th Cir. 2010); *see also United States v. Boyd*, 208 F.3d 638, 649 (7th Cir. 2000), *vacated on other grounds*, 531 U.S. 1135 (2001). The clerk of the district court is ordered to amend the written judgment to conform with the sentencing judge's oral pronouncement that Nunez-Natividad's term of supervised release is 3 years. With that modification, we AFFIRM the judgment of the district court.