**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Salem Fuad ALJABRI, Defendant–**
**Appellant.**

No. 11–2482.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 15, 2012.*

Decided April 23, 2012.

Joel M. Hammerman, Attorney, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Johanna M. Christiansen, Attorney, Jonathan E. Hawley, Acting Federal Public Defender, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before JOEL M. FLAUM, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge, DIANE S. SYKES, Circuit Judge.

**ORDER**

On March 24, 2007, Salem Fuad Aljabri was convicted of a total of 25 counts of money laundering, wire fraud, and structuring transactions to evade required reporting. His sentence included a $2,400 special assessment. On February 2, 2010, this court issued an opinion vacating the five money-laundering counts and remanding the matter for resentencing on the remainder. *United States v. Aljabri*, 363 Fed.Appx. 403 (7th Cir.2010). Pursuant to that remand, the district court held a sentencing hearing on June 17, 2011. At the hearing the district court imposed an oral sentence that included a special assessment of $1,900. However, the written judgment issued by the district court specified an assessment of $2,400. The oral sentence was the correct one—19 counts remained on remand, and 18 U.S.C. § 3013(a)(2)(A) requires an assessment of $100 for each conviction. Rather than asking the district court to correct the error via a motion under Rule 36 of the Federal Rules of Criminal Procedure, Aljabri appealed to this court to resolve the discrepancy.

We decline to do so. When a district court has committed a clerical error and we have jurisdiction through a properly filed appeal, we have the power to correct the problem ourselves under Rule 36. *United States v. Bonner*, 522 F.3d 804, 808–09 (7th Cir.2008). However, we generally prefer to vacate the flawed order and instruct the district court to fix its own mistake. *Id.* We pursue that course here.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2)(C).

The amended judgment is **VACATED**, and the case is **REMANDED** solely for the district court to correct the above-specified clerical error.