NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 15, 2012[*]
Decided April 23, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-2482 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | |
| | No. 06 CR 562 |
| *v.* | |
| | Charles R. Norgle, Sr. |
| SALEM FUAD ALJABRI,<br>*Defendant-Appellant*. | *Judge*. |

**O R D E R**

On March 24, 2007, Salem Fuad Aljabri was convicted of a total of 25 counts of money laundering, wire fraud, and structuring transactions to evade required reporting.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

His sentence included a $2,400 special assessment.  On February 2, 2010, this court issued an opinion vacating the five money-laundering counts and remanding the matter for resentencing on the remainder.  *United States v. Aljabri*, 363 F. App'x 403 (7th Cir. 2010). Pursuant to that remand, the district court held a sentencing hearing on June 17, 2011.  At the hearing the district court imposed an oral sentence that included a special assessment of $1,900.  However, the written judgment issued by the district court specified an assessment of $2,400.  The oral sentence was the correct one—19 counts remained on remand, and 18 U.S.C. § 3013(a)(2)(A) requires an assessment of $100 for each conviction.  Rather than asking the district court to correct the error via a motion under Rule 36 of the Federal Rules of Criminal Procedure, Aljabri appealed to this court to resolve the discrepancy.

We decline to do so.  When a district court has committed a clerical error and we have jurisdiction through a properly filed appeal, we have the power to correct the problem ourselves under Rule 36.  *United States v. Bonner*, 522 F.3d 804, 808-09 (7th Cir. 2008). However, we generally prefer to vacate the flawed order and instruct the district court to fix its own mistake.  *Id*.  We pursue that course here.

The amended judgment is **VACATED**, and the case is **REMANDED** solely for the district court to correct the above-specified clerical error.