**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted December 20, 2012
Decided January 10, 2013

*Before*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-3238

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeal from the United |
| *Plaintiff-Appellee,* | ] States District Court for |
| | ] the Western District of |
| | ] Wisconsin |
| | ] |
| v. | ] No. 3:08-cr-00084-bbc-1 |
| | ] |
| | ] |
| REED JOSEPH ROGALA, | ] **Barbara B. Crabb,** |
| *Defendant-Appellant.* ] | *Judge.* |

**O R D E R**

Reed Rogala was convicted under 21 U.S.C. §§ 846 and 841(a)(1), of conspiracy to distribute marijuana, and was sentenced initially to 151 months in prison, a $100,000 fine, and a 5-year term of supervised release. The court ordered Rogala to pay $250 monthly toward his fine after his release from prison and made those payments a condition of supervised release. The court also made a condition of his supervised release that he abstain from all use of alcohol. On the government's motion based on Rogala's substantial assistance, the prison term was reduced to 78 months.

Rogala subsequently moved for a modification of the payment schedule and the condition of supervised release requiring that he abstain from all alcohol. The district court

denied relief holding that it lacked subject matter jurisdiction to alter the fine and that the alcohol restriction prohibited only excessive use rather than all use. On appeal, we vacated that decision and remanded the case for further consideration. Although recognizing that a court's jurisdiction to alter the amount of a fine is limited, see 18 U.S.C. § 3572(c), we held that in some circumstances the payment schedule may be modified whether or not it is a condition of supervised release. We further noted that a court may modify the supervised-release conditions to better serve the 18 U.S.C. § 3553(a) factors.

On remand, the district court revised the condition relating to alcohol consumption so as to limit it to prohibiting only the excessive consumption of alcohol. The court declined to revise the payment provisions except to provide 60 rather than 30 days within which to make his first payment of $250.00. The court held that it was too early to determine whether the $250 a month payment would be too onerous given Rogala's education and prior work history.

Rogala has now appealed that decision to this court, but his appeal addresses only an issue not subject to the remand. Rogala argues, as he did in the prior appeal, that the amount of the fine should have been lower because the PSR improperly calculated his net worth, and the district court relied on that number in determining the fine. We did not grant relief on that issue in the prior appeal, noting that a court's jurisdiction to alter the amount of the fine is limited, and citing to 18 U.S.C. § 3572(c). That statutory provision sets forth the circumstances in which a sentence to pay a fine can be modified or challenged, and Rogala's challenge does not fall within any of those circumstances. Rogala asserts instead that Federal Rule of Criminal Procedure 36 allows the district court to correct mathematical mistakes at any time, but that reflects a misunderstanding of that rule. Rule 36 allows the correction of clerical errors, typically for situations in which the written sentence differs from the oral pronouncement of the sentence, not judicial mistakes. *United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009). It allows a district court to correct a final judgment to reflect the sentence it actually imposed, but it does not provide authority for the district court to change a sentence it imposed even if that sentence was erroneous. *Id.* Therefore, Rule 36 does not provide authority for the district court to recalculate his net worth and reconsider the fine. *Day v. McDonough*, 547 U.S. 198, 210 (2006), does not provide otherwise in stating that if a judge detects a computational error no federal rule commands the judge to suppress that knowledge. That case addressed not a challenge to a sentence, but a mathematical error in computing the timeliness of a habeas petition, and therefore is inapposite.

Accordingly, we held in our prior appeal that the court lacked jurisdiction to alter the amount of the fine. That issue was not remanded to the district court, and therefore is not properly before the court in this appeal from the remand. See *United States v. Peel*, 668 F.3d 506, 507 (7th Cir. 2012); *United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011). Rogala does not challenge the determinations made by the district court on that remand, regarding the fine payment provisions or the alcohol restriction, and therefore the decision of the district court is **AFFIRMED**.