In the

# United States Court of Appeals

### For the Seventh Circuit

No. 14-3570

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ANDRE WILLIAMS,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 95 CR 242 — **Robert W. Gettleman**, *Judge*.

SUBMITTED JANUARY 26, 2015 — DECIDED JANUARY 29, 2015

Before WOOD, *Chief Judge*, and POSNER and EASTERBROOK, *Circuit Judges*.

PER CURIAM. Andre Williams's convictions and sentences (totaling 480 months) were affirmed almost 15 years ago. *United States v. Patterson*, 215 F.3d 776 (7th Cir. 2000). He litigated and lost a collateral attack under 28 U.S.C. §2255 but continues to seek a lower sentence. His most recent request, styled a "Motion to Correct Record", was filed in the district

court last year. This motion asks the district judge to revise the presentence report to show that he is not a career offender and to resentence him accordingly. The United States opposed the motion on the ground that it is a disguised effort to conduct a successive collateral attack without this court's permission, which §2255(h) requires. The district court denied the motion for lack of jurisdiction.

Williams contends on appeal that Fed. R. Crim. P. 36 allows courts to correct clerical errors at any time, but his sentence is not a clerical error; the judgment accurately carries out the district judge's decision. Rule 36 permits a district court to ensure that the record accurately reflects judicial decisions but does not authorize a challenge to the substance of those decisions. See *United States v. McHugh*, 528 F.3d 538 (7th Cir. 2008). Nor does the presentence report contain a clerical error. Whether the author of the report accurately understood the nature of one of Williams's older convictions (which affects whether he is a career offender) is a substantive matter. Defendants who disagree with the contents of a PSR must object before or at sentencing; only if a timely objection is made must a district judge state on the record (if the issue affects the sentence) whether the PSR is correct. Fed. R. Crim. P. 32(f)(1), (i)(3). Williams raised the issue indirectly at sentencing but did not ask for a correction under Rule 32 and did not pursue the matter on appeal. It is far too late to revisit this subject.

A request for a lower sentence, not authorized by a retroactive change in the Sentencing Guidelines, is treated as a motion under §2255 if it is within the scope of §2255(a), no matter what caption is on the document. See *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004). The district court properly

treated this as a §2255 motion and dismissed it for want of jurisdiction.

In order to appeal from the denial of a motion under §2255, Williams needs a certificate of appealability, which he has not sought. His brief likewise does not identify a substantial constitutional question, which is required for a certificate. 28 U.S.C. §2253(c)(2). We do not perceive such an issue. So we decline to issue a certificate of appealability and dismiss the appeal.