NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2015[*]
Decided February 4, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 15-2309

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Indiana, |
| | Hammond Division. |
| *v.* | |
| | No. 2:06 CR 114 |
| LARRY COCHRAN, | |
| *Defendant-Appellant*. | James T. Moody, |
| | *Judge*. |

**O R D E R**

More than six years ago, we affirmed Larry Cochran's conviction and 405-month prison sentence for possessing with intent to distribute crack cocaine. *United States v. Cochran*, 309 F. App'x 2 (7th Cir. 2009). Since then, Cochran has pursued multiple collateral challenges to his sentence, and we have warned him that more of the same could result in sanctions. See *Cochran v. United States*, No. 12-2348 (7th Cir. June 28, 2012). Despite that warning, however, Cochran filed yet another attack on his sentence, which

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

he characterized as a motion to correct "clerical errors" in his presentence report. The district court denied the motion, recognizing that Cochran was alleging substantive errors, not clerical ones. We affirm that decision.

Cochran, who captioned his latest filing as a motion under Federal Rule of Criminal Procedure 36, insists that he wants only to have clerical errors in the presentence report corrected and does not seek substantive changes to the report or his sentence. Yet Cochran's motion asserts that the sentencing court erred in assessing a 2-level upward adjustment for obstruction of justice, see U.S.S.G. § 3C1.1, and in considering relevant conduct, see *id.* § 2D1.1. As the district court noted, these are not challenges to scrivener's errors, *e.g., United States v. Gibson*, 356 F.3d 761, 766 n.3 (7th Cir. 2004), but instead are direct attacks on the calculation of Cochran's imprisonment range under the sentencing guidelines, see *United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009) (rejecting challenge to mathematical calculation of drug quantity in presentence report as disguised collateral attack). What is more, Cochran has asserted these same claims in previous collateral attacks on his sentence. See *United States v. Cochran*, No. 2:06 CR 114 (N.D. Ind. June 5, 2013), *application for certificate of appealability denied*, No. 13-2394 (7th Cir. Oct. 3, 2013); *United States v. Cochran*, No. 2:10 CV 374 (N.D. Ind. Sept. 22, 2010), *appeal dismissed*, No. 10-3865 (7th Cir. Jan. 13, 2011); *Cochran v. United States*, No. 2:09 CV 275 (N.D. Ind. Dec. 2, 2009), *application for certificate of appealability denied*, No. 10-1259 (7th Cir. July 12, 2010).

Rule 36 is not a means for a district court to reconsider factual or legal determinations made by the court or a probation officer, nor does Rule 36 authorize the court to recalculate the guidelines range. *United States v. Williams*, 777 F.3d 909, 910 (7th Cir. 2015); *Johnson*, 571 F.3d at 717–18. An inmate who believes that inaccuracies in his presentence report are adversely affecting the execution of his sentence can sometimes file a petition under 28 U.S.C. § 2241 seeking correction of the presentence report. See *Johnson v. United States*, 805 F.2d 1284, 1291 (7th Cir. 1986); *United States v. Mittelsteadt*, 790 F.2d 39, 40–41 (7th Cir. 1986). Cochran's motion does allege that information in his presentence report has caused the Bureau of Prisons to treat him "unfavorably." But he offers no particulars, see RULES GOVERNING § 2254 CASES IN THE U.S. DISTRICT COURTS 1(b), 2(c)(2), 4; *Boutwell v. Keating,* 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (applying § 2254 rules to § 2241 petitions), and instead Cochran's motion plainly relates to the same guidelines claims he presented three times previously.

Because our prior warning did not deter Cochran, we direct him to show cause why we should not fine him $500 pursuant to Federal Rule of Appellate Procedure 38.

We also warn Cochran that cases such as this one are subject to dismissal in the district court as unauthorized collateral attacks. Should he persist in his attacks on his sentence, he risks sanctions and a filing bar under *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997). His response to the Rule 38 show-cause order is due within 30 days from the date of this decision.

SO ORDERED.