**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2020[*]
Decided March 26, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2529

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 2:03-cr-20032-JES |
| RONALD WIGGINS, *Defendant-Appellant*. | James E. Shadid, *Judge*. |

**O R D E R**

Ronald Wiggins, a federal prisoner, appeals the denial of his motion to vacate an order of restitution that was imposed as part of a criminal judgment in 2004. Because the district court lacked jurisdiction to entertain Wiggins's motion, we modify the judgment and affirm as modified.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Wiggins was convicted of bank robbery by intimidation, 18 U.S.C. § 2113(a). At sentencing in 2004, the district court found that Wiggins was a career offender under the then-mandatory guidelines, U.S.S.G. § 4B1.1, and sentenced him to the statutory maximum of 20 years in prison. The court also ordered that he pay restitution (amounting to $19,430), as required by 18 U.S.C. § 3663A and U.S.S.G. § 5E1.1.

Over the next decade and a half, Wiggins repeatedly sought to overturn the judgment. He filed a direct appeal that we dismissed as frivolous, 138 F. App'x 842 (7th Cir. 2005); in that appeal, Wiggins did not object to the restitution order, either through counsel or in his response to counsel's motion to withdraw. Wiggins then unsuccessfully moved to vacate his conviction and sentence under 28 U.S.C. § 2255, and we denied leave to appeal. No. 08-1100 (7th Cir. Apr. 8, 2008). He next filed two unauthorized successive § 2255 motions, which the district court properly dismissed for lack of jurisdiction under 28 U.S.C. §§ 2244(b), 2255(h). *See* No. 13-1366 (7th Cir. Oct. 8, 2013) (denying certificate of appealability); No. 14-2203 (Nov. 14, 2014) (same). Then, Wiggins twice applied for our leave to file a successive § 2255 motion to challenge his career-offender designation, and we denied both applications. No. 16-2142 (7th Cir. June 14, 2016); No. 16-3417 (Sept. 20, 2016). Finally, in June 2019, Wiggins filed another unauthorized § 2255 motion in the district court, this time challenging only the restitution order. The district court dismissed the motion, explaining that challenges to restitution orders are not cognizable in a § 2255 action, *see United States v. Bania*, 787 F.3d 1168, 1172 (7th Cir. 2015), and that, even if they were, Wiggins did not have leave to file a successive collateral attack. He did not appeal.

Instead, a few weeks later, Wiggins filed a "motion to vacate restitution order nunc pro tunc" in his criminal case. He argued that the order is unconstitutional because it was imposed under U.S.S.G. § 5E1.1 during the mandatory-guidelines era, and because § 5E1.1 cross-references 18 U.S.C. § 3663A, which mandates restitution for victims of a "crime of violence." In Wiggins's view, the district court was wrong to rely on this statute after *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018), in which we invalidated the once-mandatory career-offender guideline's residual definition of a "crime of violence," U.S.S.G. § 4B1.2(a)(2) (pre-2016), on vagueness grounds. *See* 892 F.3d at 304–06. The district court summarily denied the motion.

Wiggins challenges that decision on appeal. Yet, as the government correctly points out, the district court lacked jurisdiction to entertain Wiggins's motion to vacate the restitution order. Once a district court imposes a criminal sentence, its authority to revisit that sentence is limited, and must be founded on a specific statute or rule. *See*

*United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009); *see also United States v. Hook*, 471 F.3d 766, 771 n.1 (7th Cir. 2006) (noting restitution is part of original sentence). Though Wiggins cited 18 U.S.C. § 3663A in his motion, "nothing in [that statute] permits the [district] court to revisit the restitution order" after it was entered. *Bania*, 787 F.3d at 1172. And it is too late for him to take advantage of Federal Rule of Criminal Procedure 35, which permits a district court to correct a clear error in a defendant's sentence only within 14 days after sentencing. *See id*. That time limit is jurisdictional, *see id.*, and had long expired by the time Wiggins moved to vacate the restitution order (nearly 15 years after the sentence became final). We see no other statute or rule that grants the district court authority to entertain such a motion, and Wiggins points to none. Thus, we modify the judgment to reflect that the motion is dismissed for lack of jurisdiction.

As modified, the judgment is AFFIRMED.