19-4198-cr
*United States v. Young*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

AUGUST TERM 2020
No. 19-4198-cr

**UNITED STATES OF AMERICA,**
*Appellee,*

v.

**SHAWN YOUNG,**
*Defendant-Appellant.*[*]

On Appeal from the United States District Court
for the Southern District of New York

SUBMITTED: MARCH 5, 2021
DECIDED: MAY 19, 2021

Before:     LEVAL, CABRANES, and MENASHI, *Circuit Judges*.

Defendant-Appellant Shawn Young appeals from a judgment of the United States District Court for the Southern District of New York (Berman, J.) granting in part and denying in part his motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L.

---

[*] The Clerk of Court is directed to amend the case caption as set forth above.

No. 115-391. The district court granted Young's motion with respect to his conviction on Count One, a violation of 21 U.S.C. § 841(b)(1)(A) for conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine. But the district court denied Young's motion with respect to his conviction on Count Two, a violation of 21 U.S.C. § 841(b)(1)(C) for distributing and possessing with intent to distribute an unspecified quantity of crack cocaine. The district court held that a violation of 21 U.S.C. § 841(b)(1)(C) is not a "covered offense" within the meaning of the First Step Act and accordingly that the Act gave the court no authority to resentence Young on that count.

Because Young has now been released from custody, the parties dispute whether Young's appeal from the district court's denial of his motion for a sentence reduction with respect to Count Two is moot. We conclude that it is not. If Count Two were a "covered offense" under the First Step Act, Young would be eligible for a reduction in his term of supervised release on that count. In light of the circumstances of Young's case, there is more than a remote and speculative possibility that the district court on remand would grant such relief. That possibility is enough to create a live controversy as to Young's appeal from the district court's denial of his motion for a sentence reduction with respect to Count Two.

On the merits, we conclude that a conviction for distributing and possessing with intent to distribute an unspecified quantity of crack in violation of 21 U.S.C. § 841(b)(1)(C) is not a "covered offense" within the meaning of the First Step Act. Young is therefore ineligible for a reduction in his sentence on Count Two under the First Step Act. Young's argument in the alternative that the district court could have resentenced him on Count Two because it was grouped with and formed an interdependent sentencing package with Count One is

unavailing because a court may not alter a sentence imposed on any count of conviction without express statutory authority to do so. Finally, because the district court provided no explanation for why it left Young's term of supervised release on Count One intact despite its decision to reduce his prison sentence on that count to time served, we **VACATE** Young's term of supervised release on Count One and **REMAND** to the district court for resentencing with respect to the term of supervised release imposed on Count One only. The judgment of the district court is in all other respects **AFFIRMED.**

---

Michael Herman, Thomas McKay, Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

Sarah Baumgartel, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, *for Defendant-Appellant.*

---

MENASHI, *Circuit Judge*:

Defendant-Appellant Shawn Young appeals from the judgment of the United States District Court for the Southern District of New York (Berman, J.) granting in part and denying in part his motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391. Young sought a sentence reduction with respect to his convictions for two offenses related to crack cocaine. Young's first count of conviction, Count One, was for conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A). Young's second count of conviction, Count Two, was for distributing and possessing with

3

intent to distribute an unspecified quantity of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(C). Young was sentenced to 16-year terms of imprisonment on each count, to run concurrently, followed by ten years of supervised release on Count One and five years of supervised release on Count Two, also to run concurrently.

In ruling on Young's motion for a sentence reduction under the First Step Act, the district court granted Young's motion with respect to Count One and reduced Young's prison sentence on that count to time served, while leaving undisturbed the accompanying term of supervised release. But the district court denied Young's motion with respect to Count Two, holding that a conviction under 21 U.S.C. § 841(b)(1)(C) is not a "covered offense" under the First Step Act and that Young was therefore ineligible for resentencing under the First Step Act on that count.

Young appeals from that judgment, arguing that his conviction on Count Two is a "covered offense" under the First Step Act and that, even if it is not, he is eligible for resentencing on that count because it was grouped with and formed an interdependent sentencing package with Count One, which is a covered offense. Young further argues that the district court erred by failing to explain its reasons for declining to reduce his term of supervised release on Count One while reducing his prison sentence on that count to time served. Young asks this court to hold that he is "eligible for a sentence reduction under the First Step Act for both of his crack offenses" and urges us to "remand to the district court for further consideration of a reduction" in his sentence. Appellant's Br. 11.

This appeal thus requires us to decide whether a conviction for distributing and possessing with intent to distribute an unspecified

quantity of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(C) is a "covered offense" within the meaning of the First Step Act. The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act § 404(a), 132 Stat. at 5222. Accordingly, Young's conviction on Count Two is a "covered offense" under the First Step Act if the "statutory penalties" for a "violation of" 21 U.S.C. § 841(b)(1)(C) were "modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.*

Because neither Section 2 nor Section 3 of the Fair Sentencing Act modified the statutory penalties for a violation of 21 U.S.C. § 841(b)(1)(C), we hold that a conviction under that provision is not a "covered offense" within the meaning of the First Step Act. We therefore conclude that Young is not eligible for resentencing under the First Step Act for his conviction on Count Two.[1] We reject

_____

[1] Although sentences under § 841(b)(1)(C) are ineligible for resentencing under the First Step Act, those sentences remain eligible for reductions under 18 U.S.C. § 3582(c)(2), which permits courts to reduce sentences that were "based on" a Guidelines range that the Sentencing Commission subsequently lowered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgated amended Guidelines consistent with the Fair Sentencing Act's increase in the quantities required to trigger mandatory minimum sentences, which resulted in lower sentences for crack cocaine offenses. *See* U.S.S.G. App. C Amend. 750 (effective Nov. 1, 2011). The Sentencing Commission also provided for retroactive application of the amended Guidelines. U.S.S.G. § 1B1.10(d). However, because the Sentencing Commission's policy statements limit the authorization under § 3582(c)(2), a sentence may not be reduced under this provision to a term less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range (with an exception for defendants who provide

Young's argument in the alternative that he is eligible for resentencing on Count Two because it was grouped with and formed an interdependent sentencing package with a covered offense. A court may not resentence a defendant on a final judgment of conviction without statutory authorization to do so. Accordingly, Young's eligibility for resentencing on Count One under the First Step Act does not alter his ineligibility for resentencing on Count Two.

We agree with Young that the district court erred by failing to explain its reasons for leaving Young's term of supervised release on Count One undisturbed while reducing his prison sentence on that count to time served. In light of the district court's extensive positive commentary about Young's progress toward rehabilitation while incarcerated, we cannot discern from the record the district court's reasons for declining to reduce Young's term of supervised release on Count One. We therefore vacate the term of supervised release imposed on Count One and remand to the district court for resentencing with respect to the term of supervised release imposed on that count only. We affirm the judgment of the district court in all other respects.

## BACKGROUND

In 2007, Shawn Young was charged in a three-count indictment in connection with his participation in a narcotics trafficking conspiracy. Count One charged Young with conspiracy to distribute

___

substantial assistance to the government). U.S.S.G. § 1B1.10(b)(2)(A)-(B). The reductions that § 3582(c)(2) allows do not benefit Young, therefore, because his 16-year sentence falls below the post-2010 amended Guidelines range of 324 to 405 months. Indeed, Young was denied a sentence reduction under § 3582(c)(2) for precisely this reason.

and possess with intent to distribute 50 grams or more of mixtures and substances containing a detectable amount of cocaine base, also known as "crack," in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Count Two charged Young with distributing and possessing with intent to distribute an unspecified amount of crack in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). Count Three charged Young with using, carrying, and possessing a firearm in furtherance of the conspiracy charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i). A jury convicted Young on Counts One and Two but acquitted him on Count Three.

Young's conviction on Count One for distributing 50 grams or more of crack in violation of 21 U.S.C. § 841(b)(1)(A) subjected him to a ten-year mandatory minimum prison sentence. Young's conviction on Count Two for distributing an unspecified quantity of crack in violation of 21 U.S.C. § 841(b)(1)(C), on the other hand, did not carry a mandatory minimum prison sentence. The Probation Department nevertheless determined that Young's convictions on both counts should be grouped for sentencing purposes under U.S.S.G. § 3D1.2(d) because Young's offense level was based on the total quantity of crack distributed in the course of the narcotics conspiracy.

Young appeared before the district court for sentencing on April 27, 2009. The district court accepted the Probation Department's recommendation that Counts One and Two be grouped for sentencing purposes and imposed a 16-year prison sentence on each count, to run concurrently, followed by ten years of supervised release on Count One and five years of supervised release on Count Two, also to run concurrently. Young's sentence was affirmed on direct appeal. *See United States v. Harris*, 373 F. App'x 119 (2d Cir. 2010) (summary order).

7

While Young was serving his sentence, Congress adopted the Fair Sentencing Act of 2010, Pub. L. No. 111-220, which "marked the culmination of a decades-long effort to address what had been a 100-to-1 disparity between the amounts of crack and powder cocaine required to trigger the mandatory statutory penalties in 21 U.S.C. § 841(b)(1)." *United States v. Davis*, 961 F.3d 181, 184 (2d Cir. 2020) (citing *Dorsey v. United States*, 567 U.S. 260, 266-70 (2012)). The Fair Sentencing Act addressed that disparity by increasing the threshold quantities of crack required for the five- and ten-year mandatory minimum sentences provided in 21 U.S.C. § 841(b)(1). Specifically, Section 2 of the Fair Sentencing Act increased the amount of crack required to trigger the five-year mandatory minimum in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams to 28 grams and increased the amount of crack required to trigger the ten-year mandatory minimum in 21 U.S.C. § 841(b)(1)(A)(iii) from 50 grams to 280 grams. *See* Fair Sentencing Act § 2, 124 Stat. at 2372. In addition, Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession of crack in 21 U.S.C. § 844(a) altogether. *Id.* § 3, 124 Stat. at 2372. These changes "were not retroactive, however, for defendants … who," like Young, "were sentenced before the Act's passage on August 3, 2010." *Davis*, 961 F.3d at 185 (citing *Dorsey*, 567 U.S. at 273).

To address this lack of retroactivity, Congress adopted the First Step Act of 2018, which authorized "[a] court that imposed a sentence for a covered offense … [to] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222. The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were

modified by section 2 or 3 of the Fair Sentencing Act … that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222.

Following the enactment of the First Step Act, Young filed a *pro se* letter-motion with the district court requesting a reduction in his sentence pursuant to the Act. In response, the district court directed the government and the Federal Defenders of New York to brief "the effect, if any, that recent Federal legislation may have upon Young's sentence." App'x 73. In his written submissions, Young sought a reduction of his sentence to time served followed by four, as opposed to ten, years of supervised release. The government opposed any reduction in Young's sentence.

The district court held a hearing on Young's motion. At the hearing, Young's counsel argued that Count One was a "covered offense" within the meaning of the First Step Act and that Young was therefore eligible for resentencing on that count. While acknowledging that it was "much more of an open question" as to whether Young was eligible for resentencing on Count Two, Young's counsel stated that there was a "plain reading of the statute" under which Count Two could be considered a "covered offense" and offered to provide the court with supplemental briefing on that issue. App'x 249-50. Young's counsel maintained, however, that the district court did not need to address whether Count Two was a covered offense because Young was eligible for resentencing on Count One, which was grouped with Count Two for sentencing purposes. Later in the hearing, when Young's counsel reminded the district court that it had the authority to reduce Young's term of supervised release, the court replied, "Yes, I think I wouldn't change—if I did anything, I would not change supervised release." *Id.* at 258.

Following the hearing, the district court issued a decision and order granting in part and denying in part Young's motion for a sentence reduction. The court concluded that Count One—Young's conviction under 21 U.S.C. § 841(b)(1)(A)—is a "covered offense" under the First Step Act and that Young was therefore eligible for resentencing on that count. Finding that Young had "made significant strides to change his life around for the better while incarcerated," "made very productive use of his time in prison," "worked steadily while in custody," shown "genuine remorse … for his past actions," and had not committed a disciplinary infraction in six years, the district court decided to reduce Young's prison sentence on Count One to time served. App'x 264-65. The district court did not mention Young's ten-year term of supervised release on that count.

The district court reached the opposite conclusion with respect to Count Two—Young's conviction under 21 U.S.C. § 841(b)(1)(C)— holding that it is not a "covered offense" under the First Step Act and noting that the court was "unable to perceive a basis for a resentencing with respect to Count Two." App'x 263. Because the district court did not reduce Young's 16-year prison sentence on Count Two, its decision to reduce Young's sentence on Count One to time served had no practical effect on Young's sentence.

Young filed a timely appeal. After the parties submitted their briefs, Young completed his term of incarceration.

## DISCUSSION

Because Young has been released from custody, the parties dispute whether Young's appeal from the district court's denial of his motion for a sentence reduction with respect to Count Two is moot. We conclude that it is not. If we were to hold that Count Two is a

10

"covered offense" under the First Step Act, Young would be eligible for a reduction in his term of supervised release on that count. In light of the circumstances of Young's case, there is more than a remote and speculative possibility that the district court on remand would grant such relief. That possibility is enough to create a live controversy as to Young's appeal from the district court's denial of his motion for a sentence reduction with respect to Count Two.

On the merits, we hold that Young is ineligible for resentencing on Count Two because a violation of 21 U.S.C. § 841(b)(1)(C) is not a "covered offense" within the meaning of the First Step Act. Young's argument that he is eligible for resentencing on the alternative ground that Count Two was grouped with Count One for sentencing purposes and formed a legally interdependent sentencing package with Count One fails because a court may not resentence a defendant on any count of conviction without direct statutory authorization to do so. Young's eligibility for resentencing on Count One under the First Step Act does not alter his ineligibility for resentencing on Count Two. Because the district court did not provide any explanation for leaving Young's ten-year term of supervised release on Count One intact, a limited vacatur and remand with respect only to that decision is warranted.

**I**

On appeal, Young argues that the district court erred in holding that he is ineligible for resentencing under the First Step Act on Count Two for two reasons. First, Young argues that Count Two is a "covered offense" under the First Step Act. Second, Young argues that even if Count Two is not a covered offense, the district court had the authority to resentence him on Count Two because it was grouped

11

with and formed part of an interdependent sentencing package with Count One, which is a covered offense. Young also argues that the district court erred by failing to explain its reasons for leaving his ten-year term of supervised release on Count One intact while reducing his prison sentence on that count to time served.

The government filed a brief opposing Young's position on all of these points. After the appeal was submitted to this court for decision, the government filed a letter with this court under Federal Rule of Appellate Procedure 28(j) informing us that the government "has reconsidered its views and now takes the position that a defendant's conviction for possessing with intent to distribute an unspecified amount of cocaine base in a form commonly known as 'crack,' in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), is a 'covered offense' … under the First Step Act." Letter from Michael Herman and Thomas McKay, Assistant United States Attorneys, to Catherine O'Hagan Wolfe, Clerk of Court for the United States Court of Appeals for the Second Circuit, at 1 (Mar. 16, 2021) (ECF No. 119) [hereinafter "Government Letter"]. The government said it "withdraws its argument that Young is not eligible for a sentence reduction on Count Two." *Id.* The letter did not explain the basis for the government's change of position beyond stating that it had "reconsidered its views." *Id.*

The letter further informed the court that after the parties' briefs were filed, Young completed his term of imprisonment and was released from custody, thereby "render[ing] moot Young's request for a reduction of his term of imprisonment on Count Two." *Id.* While acknowledging that "Young is still subject to a term of supervised release on Count Two," the government argues that Young's appeal from the district court's judgment as to Count Two is nevertheless

12

moot because the district court exercised its discretion by declining to reduce Young's longer, concurrent term of supervised release on Count One. For that reason, according to the government, there is only "a remote and speculative possibility that the district court could or would impose[] a reduced term of supervised release were this Court to remand the matter." *Id.* (quoting *United States v. Chestnut*, 989 F.3d 222, 225 (2d Cir. 2021)) (internal quotation marks and alteration omitted). The government contends that the only live dispute remaining in this case is Young's "separate argument" that the district court erred by failing to explain its reasons for declining to reduce his term of supervised release on Count One, which the government argues "should be rejected, for the reasons stated in the Government's brief." *Id.* at 2.

Young filed a letter in response to the government. *See* Letter from Sarah Baumgartel, Federal Defenders of New York, to Catherine O'Hagan Wolfe, Clerk of Court for the United States Court of Appeals for the Second Circuit, at 1-2 (Mar. 17, 2021) (ECF No. 121). Relying on our decision in *United States v. Holloway*, 956 F.3d 660 (2d Cir. 2020), Young argues that "because he 'remains eligible for a reduction in his term of supervised release'" on Count Two, his appeal from the district court's denial of his motion for resentencing on that count is not moot. *Id.* at 1 (quoting *Holloway*, 956 F.3d at 661). Young further argues that there is more than a remote or speculative possibility that the district court, acting "[w]ith a correct understanding of its actual authority," would reduce his term of supervised release on Count Two. *Id.* at 2. Young urges us to "reject the government's argument that [his] appeal on Count Two is moot." *Id.*

We agree with Young that his appeal from the district court's judgment as to Count Two is not moot. "It is well established that the

Case or Controversy Clause of Article III, Section 2 of the United States Constitution limits the subject matter jurisdiction of the federal courts such that the parties must continue to have a personal stake in the outcome of the lawsuit." *Tanasi v. New All. Bank*, 786 F.3d 195, 198 (2d Cir. 2015) (internal quotation marks and alteration omitted). "A case becomes moot pursuant to Article III's Case or Controversy Clause when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* at 199 (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)) (internal quotation marks and alterations omitted). Accordingly, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

Young has a concrete interest in the outcome of his appeal on Count Two because he remains subject to a term of supervised release on that count. Were we to conclude that Count Two is a covered offense under the First Step Act, we would vacate the district court's judgment as to Count Two and remand for resentencing on that count. While Young's release from prison means that it is "too late to reduce his prison sentence" on Count Two, the district court on remand "could still reduce his term of supervised release," and therefore "it remains possible for this Court to grant [Young] some form of 'effectual relief' should he prevail." *Holloway*, 956 F.3d at 664 (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). In light of this possibility, Young's appeal on Count Two "is not moot." *Id.*

We do not believe the circumstances of this appeal put Young among those cases in which the possibility of a reduction in the defendant's term of supervised release is so "remote and speculative"

as to moot the defendant's appeal. *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010). The government argues that because the district court did not reduce Young's ten-year term of supervised release on Count One, "[t]here is no non-speculative possibility that Young's eligibility for a sentence reduction on *Count Two* would lead the District Court to reduce the longer, concurrent term of supervision associated with *Count One*." Government Letter 1. But because we hold, as explained below, that the district court erred by failing to explain why it left Young's term of supervised release on Count One unchanged, we vacate Young's term of supervised release on that count. We need not speculate as to whether Young's potential eligibility for resentencing on Count Two would lead the district court to reduce Young's longer term of supervision on Count One.

Moreover, if we were to hold that Count Two is a covered offense and that Young was eligible for release from prison when he moved for a sentence reduction, the district court could decide to reduce Young's term of supervised release in light of the excess time in prison that Young served. *See, e.g.*, *Holloway*, 956 F.3d at 664 ("On remand, if the district court [reduces Holloway's term of supervised release], it may factor in how much (if at all) it would have reduced Holloway's prison term."); *United States v. Barresi*, 361 F.3d 666, 675 (2d Cir. 2004) ("[T]he court should then consider whether it wishes to exercise its discretion to reduce Barresi's supervised-release term below three years … in order to compensate for the fact that Barresi completed his 21-month prison term before his resentencing took place."). That possibility is neither remote nor speculative given that the district court reduced Young's term of imprisonment on Count One to time served and praised Young for his progress toward rehabilitation while incarcerated. We do not find it "impossible to

15

believe that the court would reduce the term of supervised release" in this case. *United States v. Blackburn*, 461 F.3d 259, 263 (2d Cir. 2006).

In sum, this case does not resemble those in which we have concluded that the possibility of a reduced term of supervised release on remand was "too remote and speculative to satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution." *Key*, 602 F.3d at 494 (internal quotation marks and alteration omitted). Because Young's appeal from the district court's denial of his motion for resentencing on Count Two is not moot, we proceed to the merits.

## II

On the merits, we conclude that the First Step Act did not authorize the district court to reduce Young's sentence on Count Two because a conviction under 21 U.S.C. § 841(b)(1)(C) for distributing and possessing with intent to distribute an unspecified amount of crack is not a "covered offense" within the meaning of the First Step Act.[2] The First Step Act defines a "covered offense" as "a violation of

---

[2] We assess this question of statutory interpretation *de novo*. *See United States v. Epskamp*, 832 F.3d 154, 160 (2d Cir. 2016). The government argues that we should apply plain error review because Young purportedly waived the argument that Count Two is a covered offense under the First Step Act in the proceedings below. We do not believe the argument is waived. In the first place, "we do not consider arguments waived when, although not raised below, they were nevertheless passed on by the district court." *United States ex rel. Keshner v. Nursing Pers. Home Care*, 794 F.3d 232, 235 (2d Cir. 2015) (citing *United States v. Williams*, 504 U.S. 36, 41 (1992)). In denying Young's motion for a sentence reduction as to Count Two, the district court ruled that Count Two is not a covered offense under the First Step Act, *see* App'x 263-64, so the argument is not waived. Moreover, Young's counsel argued to the district court that Count Two could be considered a covered offense under a "plain reading" of the First Step Act

16

a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." First Step Act § 404(a), 132 Stat. at 5222. Section 2 of the Fair Sentencing Act modified the "statutory penalties" of two federal criminal statutes— 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii)—by increasing the quantities of crack required to trigger the mandatory minimum sentences prescribed by those statutes; Section 3 of the Fair Sentencing Act modified the statutory penalty in 21 U.S.C. § 844(a) by eliminating it altogether. *See* Fair Sentencing Act §§ 2-3, 124 Stat. at 2372.

Neither Section 2 nor Section 3 of the Fair Sentencing Act modified 21 U.S.C. § 841(b)(1)(C) in any respect. *See id.* Unlike Sections 841(b)(1)(A)(iii) and (B)(iii), the text of Section 841(b)(1)(C) remained exactly the same before and after the Fair Sentencing Act was adopted. Accordingly, the "statutory penalties" for Section 841(b)(1)(C) were not "modified by section 2 or 3 of the Fair Sentencing Act," and a violation of Section 841(b)(1)(C) is not a "covered offense" under the First Step Act. *See* First Step Act § 404(a), 132 Stat. at 5222. Several of our sister circuits have reached the same conclusion. *See United States v. Birt*, 966 F.3d 257, 264 (3d Cir. 2020) ("[T]he text and effect of § 841(b)(1)(C) are the same now as before. … [A]ccordingly, convictions under that subsection are not 'covered offenses,' as defined by the First Step Act."); *United States v. Willis*, No. 19-1723, 2020 WL 8483047, at *2 (6th Cir. Feb. 11, 2020) ("The Fair Sentencing Act did not modify the statutory penalties set forth in 21

---

and even offered to provide briefing on the issue. *Id.* at 249-50. We do not believe that a party should be deemed to have waived an argument when the party raised the argument before the district court and offered to provide additional support for it. We conclude that the argument is not waived and apply *de novo* review.

U.S.C. § 841(b)(1)(C).”); *United States v. Foley*, 798 F. App'x 534, 536 (11th Cir. 2020) (“Because the district court sentenced Foley under § 841(b)(1)(C), which was not modified by section 2 or 3 of the Fair Sentencing Act, Foley is not eligible for relief.”); *United States v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019) (“The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, Martinez's crime of conviction is not a 'covered offense' under the [First Step] Act.”).

Young's arguments to the contrary are unavailing. First, Young contends that the relevant “Federal criminal statute” for the purposes of the First Step Act is “either § 841 as a whole, or § 841(a), which describes all the conduct necessary to violate § 841.” Appellant's Br. 16 (quoting *United States v. Smith*, 954 F.3d 446, 449 (1st Cir. 2020)). Young argues that “[b]ecause the Fair Sentencing Act modified the statutory penalties for a violation of § 841(a) involving crack, any conviction under that statute relating to crack is a 'covered offense' for the purposes of the First Step Act.” *Id.* This argument is foreclosed by our decision in *United States v. Davis*, in which we rejected the notion that “any defendant sentenced for violating Section 841(a)” is eligible for resentencing under the First Step Act. 961 F.3d at 190 n.6. We said instead that:

> [W]e think that Section 2 of the Fair Sentencing Act modified the statutory penalties for 21 U.S.C. § 841(b)(1)(A)(iii), and that Davis is therefore eligible because he was sentenced for a violation of *that statute*.

*Id.* (emphasis added). We thus held that the relevant “statute” is Section 841(b)(1)(A)(iii)—the specific subsection of Section 841(b) that the defendant was convicted of violating. We explained that this “conclusion is consistent with the way courts describe the statutory offenses in this context,” as violations of specific subsections. *Id.*

18

(collecting cases). Indeed, this conclusion is consistent with how Young's offense conduct is described in the district court's judgment of conviction, in which the only difference between Counts One and Two is the particular subsection of Section 841(b) on which each count is predicated. Adopting Young's view that "Federal criminal statute" means Section 841 or 841(a) would contradict *Davis*.

The interpretation of "Federal criminal statute" proposed by Young is also flawed for the separate reason—to which we alluded in *Davis*—that it would permit any defendant convicted of violating Section 841(a) to seek resentencing under the First Step Act even if the defendant were not convicted of a crack-related offense. Section 841(b)—which was indisputably modified by Section 2 of the Fair Sentencing Act—establishes the statutory "[p]enalties" for "violat[ing] subsection (a)" of Section 841. If Section 841 or 841(a) is the relevant "Federal criminal statute" for the purposes of the First Step Act, then anyone convicted under Section 841(a) is eligible to seek resentencing because the "statutory penalties" for "a violation of" Section 841(a) were "modified" by the Fair Sentencing Act's changes to Section 841(b). Thus, under Young's interpretation of the statute, a person convicted of distributing heroin in violation of 21 U.S.C. § 841(b)(1)(A)(i) could move for resentencing, even though the Fair Sentencing Act was passed "[t]o restore fairness to Federal cocaine sentencing" and modified only the statutory penalties for crack offenses. *See* Fair Sentencing Act, 124 Stat. at 2372; *see also Dorsey*, 567 U.S. at 264-70 (describing the "language, structure, and basic objectives" of the Fair Sentencing Act). We reject Young's contention that a violation of Section 841(b)(1)(C) is a "covered offense" because the relevant "Federal criminal statute" for the

19

purposes of the First Step Act is either Section 841 or 841(a).[3]

Young next argues that "the Fair Sentencing Act *did* modify the penalties for § 841(b)(1)(C)" because Section 841(b)(1)(C) incorporates Sections 841(b)(1)(A) and (B) by reference. Appellant's Br. 16. Young contends that because Section 841(b)(1)(C) prescribes a maximum sentence of 20 years "except as provided" in subparagraphs (A) and (B), "[t]he Fair Sentencing Act's amendments to subsections 841(b)(1)(A)(iii) and (B)(iii)" modified Section 841(b)(1)(C) by making

---

[3] In *United States v. Smith*, the First Circuit accepted the argument Young makes here and acknowledged that construing "Federal criminal statute" in the First Step Act to mean Section 841 or 841(a) created this possibility. 954 F.3d 446, 450 n.5 (1st Cir. 2020) ("A more difficult question would be whether a violation of § 841(a)(1) involving only a controlled substance other than crack cocaine (heroin, for example) would also be considered a 'covered offense.' Since Smith was convicted for distributing crack cocaine … we need not decide that issue."). We do not think it is sufficient to say we need not confront this result of Young's argument because he was convicted of a crack offense. *See SEC v. Rosenthal*, 650 F.3d 156, 162 (2d Cir. 2011) ("It is … well-established that a statute should be interpreted in a way that avoids absurd results.") (internal quotation marks and alteration omitted). We note it may be possible to read Section 404 of the First Step Act as focused on whether the Fair Sentencing Act changed the statutory penalties for a particular "*violation* of a Federal criminal statute" rather than the "Federal criminal statute" itself. First Step Act § 404(a), 132 Stat. at 5222 (emphasis added). If given that interpretation, a "violation" of Section 841(b) involving a substance other than crack would not be a "covered offense" under Young's argument because only the "statutory penalties" for violations of Section 841(b) involving crack were "modified by section 2 or 3 of the Fair Sentencing Act." *See* First Step Act § 404(a), 132 Stat. at 5222. But we rejected this interpretation in *Davis.* 961 F.3d at 190 ("[I]t is a defendant's statutory offense, not his or her 'actual' conduct, that determines whether he has been sentenced for a 'covered offense' within the meaning of Section 404(a), and is consequently eligible for relief under Section 404(b).").

it applicable to crack offenses "involving less than 28 grams" of crack, whereas it previously applied only to crack offenses "involving less than 5 grams" of crack. Reply Br. 11-12.

The problem with this argument is that a violation of Section 841(b)(1)(C) is not based on *any* particular quantity of crack. Rather, Section 841(b)(1)(C) applies when the defendant is charged with an offense involving an *unspecified* amount of crack. *See United States v. Requena*, 980 F.3d 30, 49 (2d Cir. 2020) (describing Section 841(b)(1)(C) as "the penalty provision that applies to violations involving schedule I or II controlled substances of indeterminate or unspecified amount") (internal quotation marks omitted). And the statutory penalties for distributing an unspecified amount of crack were not modified by the Fair Sentencing Act.

As a result, Young "cannot point to any circumstance under which someone convicted under [Section 841](b)(1)(C) would have faced different penalties before and after the passage of the Fair Sentencing Act." *Birt*, 966 F.3d at 264. Even though the Fair Sentencing Act increased the maximum amount of crack subject to punishment under Section 841(b)(1)(C), raising the maximum amount did not "affect anyone originally sentenced under … § 841(b)(1)(C)." *Id.* Anyone originally sentenced under that provision "prior to the enactment of the Fair Sentencing Act would presently be subject to the exact same statutory penalty of up to 20 years." *Id.* A conviction under Section 841(b)(1)(C) is therefore not a "covered offense" within the meaning of the First Step Act.

We hold that Young is not eligible under the First Step Act for a reduction in his term of supervised release on Count Two.

## III

Young argues in the alternative that even if Count Two is not a "covered offense," he is nevertheless eligible for resentencing on that count because it was grouped with Count One for sentencing purposes and Count One—a violation of Section 841(b)(1)(A)—is a covered offense. We rejected this argument in *United States v. Martin*, in which we explained that:

> Sentences are imposed for specific convictions within judgments of conviction. Judgments of conviction are final judgments that are only modifiable by courts in limited circumstances, including where "expressly authorized" by statute. The fact that multiple sentences may be aggregated for administrative purposes does not authorize a court to treat those sentences as an undivided whole, the authorization to modify one part of which confers authorization to modify the whole. … Thus, where an inmate is imprisoned upon multiple sentences that are aggregated for administrative purposes, courts require specific modification authorization—either due to a change in the guidelines ranges for a sentence on a particular count of conviction, or because a statute authorizes the reduction of a sentence—for *each* term of imprisonment contained in an otherwise final judgment of conviction.

974 F.3d 124, 130, 137 (2d Cir. 2020). Because Young's conviction on Count Two is not a covered offense under the First Step Act, there was no "specific modification authorization" under the First Step Act to support a reduction in the "term of imprisonment" imposed for that count of conviction. *See id.* at 137 ("The language of the First Step Act is circumscribed, it permits courts only to '*impose a reduced sentence* as if sections 2 and 3 of the Fair Sentencing Act were in effect

22

at the time the covered offense was committed.' The plain language of the Act permits the limited modification of a specific sentence, it does not give district courts *carte blanche* to modify terms of imprisonment other than those imposed for 'covered offenses.'") (internal citation and alteration omitted). Young's eligibility for resentencing on Count One does not alter his ineligibility for resentencing on Count Two.

**IV**

Finally, Young argues that the district court erred by failing to give any reason for its apparent decision not to reduce his term of supervised release on Count One. Because Count One is a covered offense and Young's ten-year term of supervised release on that count exceeds the new mandatory minimum term of four years for an individual convicted of distributing between 28 and 280 grams of crack, *see* 21 U.S.C. § 841(b)(1)(B)(iii), [4] Young is eligible for a reduction in his term of supervised release for Count One. Young asked the district court to reduce his term of supervised release from ten years to four, but the district court refused his request, stating simply, "if I did anything, I would not change supervised release." App'x 258. The district court's decision and order granting Young's motion for a sentence reduction on Count One, which reduced Young's term of imprisonment on that count to time served, did not address the term of supervised release imposed on the same count.

The district court should have explained its decision with respect to the term of supervised release. Although the district court had discretion to leave Young's term of supervised release on Count

---

[4] Count One charged Young with distributing 50 grams or more of crack.

23

One intact, "[w]e cannot uphold a discretionary decision unless we have confidence that the district court exercised its discretion and did so on the basis of reasons that survive our limited review." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc). Here, the district court "provided no explanation as to why it declined to reduce" Young's term of supervised release on Count One. *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013). Nor are its reasons for doing so "apparent from the record." *Id.* at 196. In explaining its decision to reduce Young's sentence on Count One to time served, the district court noted Young's "significant strides to change his life around," his "very productive use of his time in prison," his "genuine remorse … for his past actions," and his exemplary disciplinary record in recent years. App'x 264-65. In light of those remarks, it is unclear why the district court would reduce Young's term of incarceration on Count One to time served while leaving his ten-year term of supervised release unchanged. While the district court's explanation "need not be lengthy," without "some indication of the rationale for the ruling, we are precluded from conducting meaningful appellate review." *Christie*, 736 F.3d at 196.

For that reason, we vacate the term of supervised release imposed on Count One and remand for the district court to reassess Young's term of supervised release on that count only. Should the district court again decide to require a ten-year term of supervised release on Count One, it should explain its reasons for doing so.

## CONCLUSION

A conviction for violating 21 U.S.C. § 841(b)(1)(C) is not a "covered offense" within the meaning of the First Step Act because neither Section 2 nor Section 3 of the Fair Sentencing Act modified the

statutory penalties for distributing an unspecified amount of crack under that statute. Accordingly, Young is not eligible for resentencing under the First Step Act on his judgment of conviction for Count Two. Young is also not eligible for resentencing on Count Two on the alternative ground that Count Two was grouped with and formed an interdependent sentencing package with Count One. Finally, because the district court failed to explain its decision not to reduce Young's term of supervised release on Count One, we vacate Young's term of supervised release on that count and remand to the district court to reassess Young's term of supervision on Count One only. The judgment of the district court is in all other respects affirmed.