21-149-cr
*United States of America v. Jayquan Foskey*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand twenty-two.

PRESENT:     DENNIS JACOBS,
             REENA RAGGI,
             WILLIAM J. NARDINI,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

         *Appellee*,

   v.                                                          No. 21-149-cr

JAYQUAN FOSKEY,

         *Defendant-Appellant*.

_____

For Appellee:                      JONATHAN P. LAX, Assistant United States
                                   Attorney (Jo Ann M. Navickas, *on the
                                   brief*), *for* Jacquelyn M. Kasulis, Acting
                                   United States Attorney for the Eastern
                                   District of New York, Brooklyn, NY.

For Defendant-Appellant:           MATTHEW B. LARSEN, Federal Defenders of
                                   New York, New York, NY.

On appeal from the United States District Court for the Eastern District of New York (Frederic Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered by the district court on November 28, 2020, is **AFFIRMED**.

Defendant-Appellant Jayquan Foskey appeals from an order entered by the district court on November 28, 2020, denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). We assume the reader's familiarity with the record.

On October 29, 2020, Foskey moved to reduce his 84-month prison sentence for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). He invoked § 3582(c)(1)(A), which authorizes a district court to reduce a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . ." Foskey sought a reduction based on fears for his and his family's safety during the COVID-19 pandemic. The court denied Foskey's motion in a docket order entered on November 28, 2020, in which the court "determined that there are no extraordinary or compelling reasons that might permit the defendant[']s release at this time." App'x at 12. Foskey moved for reconsideration after testing positive for COVID-19. The district court denied Foskey's motion in a docket order entered on January 8, 2021, acknowledging Foskey's diagnosis as "serious," but concluding that it did "not mitigate the impact of [his] history of violence and noncompliance with pretrial supervision." *Id.* at 13. Foskey now appeals and argues that the court (1) did not properly apply our decision in *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) (holding that a reviewing court is empowered to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them"); and (2) failed to sufficiently explain why it denied Foskey's motion for compassionate release.

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). To determine whether a district court abused its discretion, an adequate explanation is required so that we can engage in "meaningful appellate review." *United States v. Young*, 998 F.3d 43, 56 (2d Cir. 2021) (internal quotation marks omitted). Under these standards, we hold that Foskey's arguments lack merit.

First, we have no reason to think that the district court failed to follow *Brooker*. As we have explained, "[i]n the absence of contrary indications, courts are generally presumed to know the laws that govern their decisions and to have followed them." *United States v. Banks,* 464 F.3d 184, 190 (2d Cir. 2006). Here, the district court made no mention of *Brooker*, and nothing in its order suggests that it was disregarding it. Second, although the order denying Foskey's motion is exceptionally brief, we can discern the court's reasons for denying relief from the "history of the case" and the court's order denying reconsideration. *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013). The court made it clear that Foskey's COVID-19 concerns were outweighed by his history of violence and lack of compliance with pretrial supervision. And it is readily apparent

from the record that Foskey's violent history included his present conviction (for shooting and robbing a victim of a gold chain) plus an earlier armed robbery of a taxi driver; and that during his pretrial supervision he had cut his location-tracking device and absconded to Pennsylvania, where he assumed a false identity. These factors fit squarely within the array of considerations that a court may properly consider under § 3553(a), and therefore also form a proper basis for denying compassionate release. *See United States v. Keitt*, --- F.4th ----, 2021 WL 6058144, at *5 (2d Cir. 2021). Accordingly, the court did not abuse its discretion when it denied Foskey's motion under § 3582(c)(1)(A).

\*     \*     \*

We have considered Foskey's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3