20-4083-cr: 21-617-cr
*United States v. Contrera*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-two.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
          WILLIAM J. NARDINI,
                    *Circuit Judges.*
_____


UNITED STATES OF AMERICA,

        *Appellee*,

      v.                                                        20-4083-cr
                                                              21-617-cr
LEO CONTRERA,

        *Defendant-Appellant*,

WILLIAM FABIAN MORA, AKA Will, AKA
Little Will, DAVID MORA, WALTER
RICHBURG, TIMOTHY CYRUS, LUIS
RIVERA, AKA Bullet, YUSEF MCEADDY,
AKA Yuey, JOSE VEGA, and LOVE
BROOKS,

1

| | |
|---|---|
| **FOR APPELLEE IN NO. 20-4083-CR:** | David C. James & Matthew R. Galeotti, Assistant United States Attorneys, *for* Jacquelyn M. Kasulis, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY |
| **FOR APPELLEE IN NO. 21-617-CR:** | Susan Corkery & Matthew R. Galeotti, Assistant United States Attorneys, *for* Jacquelyn M. Kasulis, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY |
| **FOR DEFENDANT-APPELLANT:** | Leo Contrera, *pro se*, Jesup, GA |

Appeal from orders, entered November 30, 2020, and February 5, 2021, by the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 30, 2020 and February 5, 2021 orders of the District Court be and hereby are **AFFIRMED**.

In 1996, following a 14-week jury trial, Defendant-Appellant Leo Contrera was sentenced principally to concurrent terms of life imprisonment for a narcotics conspiracy offense (Count 47) and murder in aid of racketeering (Count 8), a concurrent term of 20 years' incarceration for arson (Count 7), and a consecutive term of five years' incarceration for a firearms offense (Count 10). On September 21, 2020, Contrera — represented by appointed counsel — moved the District Court for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222. On November 30, 2020, the District Court granted Contrera relief under the First Step Act by reducing his conviction for Count 47 to time served, but denied his request for relief as to Count 8. Then, on January 14, 2021, Contrera — proceeding without counsel — moved the District Court pursuant to Rule 36 of the Federal Rules of Criminal Procedure to correct alleged errors in his Presentence Report ("PSR"). By order dated February 5, 2021, the District Court

---

[*] The Clerk of Court is directed to amend the caption in both dockets as set forth above.

denied his Rule 36 motion.  Contrera, proceeding again without counsel before us, has filed two separate appeals challenging the District Court's orders: Appeal No. 20-4083 concerns the District Court's November 30, 2020 order and Appeal No. 21-617 concerns its February 5, 2021 order.  We assume the parties' familiarity with the underlying facts, the procedural history of the cases, and the issues on appeal.  We address each appeal in turn.

## I.  APPEAL NO. 20-4083

We review a district court's denial of relief under the First Step Act *de novo* where, as here, the court "premised its decision entirely on statutory interpretation." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020).  Section 404 of the First Step Act provides that a court that imposed a sentence for a "covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, § 404(a), (b), 132 Stat. 5194, 5222 (citations omitted).  It defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* (citations omitted).  Sections 2 and 3 of the Fair Sentencing Act changed the crack cocaine quantity thresholds for the imposition of penalties under 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) and eliminated the mandatory minimum for simple possession of crack cocaine under 21 U.S.C. § 844(a).  Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372.

The District Court correctly concluded that Count 47 is a "covered offense" under Section 404 of the First Step Act, but that Count 8 is not.  As he did below, on appeal, Contrera now argues that even if Count 8 is not a covered offense, his sentence on that count was "part of a single aggregate sentencing package which also include[d] [a] covered offense[]" — namely, Count 47 — thus making his sentence for Count 8 also eligible for reduction.  Def.'s Br. 10.  This argument, however, is squarely foreclosed by our recent decision in *United States v. Young*, 998 F.3d 43 (2d Cir. 2021), in which we rejected a defendant's argument that he was eligible for resentencing under Section 404 as to a non-covered offense on the basis that it was "grouped with [a covered offense] for sentencing purposes and formed a legally interdependent sentencing package with [the covered offense]." *Id.* at 49.  As we explained there, "a court may not resentence a defendant on any count of conviction without direct statutory authorization to do so." *Id.*; *see also Holloway*, 956 F.3d at 666 ("[A First Step Act] motion falls within the scope of § 3582(c)(1)(B), which provides that a 'court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute.'").  Indeed, "where an inmate is imprisoned upon multiple sentences that are aggregated for administrative purposes, courts require specific modification authorization . . . for *each* term of imprisonment contained in an otherwise final judgment of conviction." *Young*, 998 F.3d at 55 (quoting *United States v. Martin*, 974 F.3d 124, 137 (2d Cir. 2020)).  Because Count 8 is not a covered offense under the First Step Act, there exists no specific modification authorization to allow the District Court to modify Contrera's sentence for Count 8; in other words, Contrera's "eligibility for

resentencing on Count [47] does not alter his ineligibility for resentencing on Count [8]." *See Young*, 998 F.3d at 55.

Contrera further challenges the District Court's November 30, 2020 order on the grounds that it failed to correct what he argues was an error in the Guidelines calculation in his PSR. The First Step Act "does not require plenary resentencing or operate as a surrogate for collateral review, obliging a court to reconsider all aspects of an original sentencing." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020). Rather, the statute provides a "limited procedural vehicle" and does not "requir[e] a district court to broadly revisit every aspect of a criminal sentence." *Id.* at 92. We thus conclude — as the District Court did — that Contrera's challenge to the alleged errors in his PSR were not appropriately raised in his Section 404 motion.

## II. APPEAL NO. 21-617

We review the denial of a Rule 36 motion *de novo*. *United States v. Burd*, 86 F.3d 285, 287 (2d Cir. 1996). Rule 36 provides that, after giving appropriate notice, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36, however, "covers only minor, uncontroversial errors," and is not a mechanism for remedying an "error of law." *United States v. Werber*, 51 F.3d 342, 347-48 (2d Cir. 1995). A clerical error within the scope of Rule 36 is an error "of the sort that a clerk or amanuensis might commit, mechanical in nature," and not "one of judgment or even of misidentification." *Burd*, 86 F.3d at 288 (internal quotation marks omitted).

We easily conclude that the District Court's denial of Contrera's Rule 36 motion was proper. Contrera alleges that the PSR (and the District Court at the time of his sentencing) applied an incorrect base offense level to Counts 7 and 8, and that the PSR improperly included a Guidelines enhancement for obstruction of justice and related factual allegations not adopted by the District Court at the time of sentencing. Any alleged errors concerning the base offense levels for Counts 7 and 8 were substantive, and not merely the type of "mechanical" errors within the purview of Rule 36. *Cf. United States v. Williams*, 777 F.3d 909, 910 (7th Cir. 2015) (per curiam) (affirming denial of Rule 36 motion asserting errors in PSR because "[w]hether the author of the report accurately understood the nature of one of [defendant's] older convictions (which affects whether he is a career offender) is a substantive matter"). Similarly, correcting any putative errors concerning the inclusion of factual allegations related to obstruction of justice and an accompanying offense-level increase would involve more than the "mechanical" correction of a clerical error.

## III. CONCLUSION

We have considered all of Contrera's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the November 30, 2020 and February 5, 2021 orders of the District Court. Additionally, *nostra sponte*, we direct the Clerk of Court to seal

4

Contrera's motion to file a supplemental appendix (ECF No. 106) and the supplemental appendix (ECF No. 120) in Appeal No. 20-4083.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk