21-423-cr
United States of America v. Ryan W. Granger

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of April, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             STEVEN J. MENASHI,
                      *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                      *Appellee*,

             v.                                             21-423-cr

RYAN W. GRANGER,

                      *Defendant-Appellant*.[1]

---

Appearing for Appellant:     Ryan W. Granger, pro se, Joint Base MDL, N.J.

Appearing for Appellee:      Paul D. Silver, Assistant United States Attorney (Michael D. Gadarian, Assistant United States Attorney, *on the brief*), *for* Carla B. Friedman, United States Attorney for the Northern District of New York, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of said District Court be and it hereby is **AFFIRMED**.

Ryan W. Granger appeals from the September 28, 2020 and February 9, 2021 orders of the United States District Court for the Northern District of New York (Hurd, *J.*) denying his motion for compassionate release made pursuant to 18 U.S.C. § 3582(c)(1)(A). In 2017, Granger pleaded guilty to four charges related to the distribution and possession of methamphetamine and pseudoephedrine and was sentenced to 108 months' imprisonment on each charge, to be served concurrently. In 2020, in his first motion for compassionate release, Granger argued that he was at high risk of contracting severe illness from COVID-19 due to his asthma and other health conditions, which constituted an extraordinary and compelling reason to reduce his sentence or release him to home confinement. In September 2020, the district court denied the motion. Granger filed a second motion for a compassionate release in December 2020, based in part on our decision in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), which held that Section 1B1.13 did not apply to Section 3582(c) motions filed by defendants. *Id.* at 230. The court denied that motion. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We "typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). However, where a district court premises its decision "entirely on statutory interpretation," our review is de novo. *Id.* A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008). Section 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in Section 3553(a)," if it finds "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *Brooker*, 976 F.3d at 235.

In his first motion for compassionate release, Granger argued that he was at high risk of contracting severe illness from COVID-19 due to his asthma and other health conditions, which constituted an extraordinary and compelling reason to reduce his sentence or release him to home confinement. The government opposed, arguing that Granger's health conditions did not constitute extraordinary and compelling reasons for release under Section 3582(c)(1)(A) and U.S.S.G. § 1B1.13, and that he remained a danger to public safety under the 18 U.S.C. § 3553(a) sentencing factors. In September 2020, the district court denied the motion for substantially the same reasons set forth by the government. In October 2020, Granger filed a letter requesting additional time to reply; he then filed a second motion for compassionate release in December 2020, based primarily on our decision in *Brooker*. The government again opposed, arguing that *Brooker* did not apply because the district court did not misapprehend the scope of its discretion in denying Granger's first motion for compassionate release. It also argued that Granger could not satisfy the standards for compassionate release, because even if Granger could show

extraordinary and compelling reasons for release, reducing his sentence remained inconsistent with the Section 3553(a) factors.

Even accepting Granger's argument that he demonstrated extraordinary and compelling reasons for compassionate relief, we affirm because the district court's "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (internal quotation marks omitted). Indeed, a district court may reduce a defendant's sentence only "after considering the factors set forth in Section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[,]" to deter criminal conduct, and to protect the public from further crimes; and "the sentencing range established" under the guidelines. 18 U.S.C. § 3553(a)(1)–(2), (4).

The district court denied Granger's motions after considering these factors. We are troubled by the district court's failure to explain its decision denying compassionate release in its February 2021 order. While the district court's "explanation need not be lengthy," its failure to provide any rationale for its ruling makes it difficult to "conduct[] meaningful appellate review" of its decision. *United States v. Young*, 998 F.3d 43, 55–56 (2d Cir. 2021) (vacating a term of supervised release where the district court denied resentencing without explanation). Nevertheless, although the district court did not explicitly address the Section 3553 factors in its September 2020 order, the district court stated that it denied Granger's motion for substantially the reasons set forth in the government's opposition. In opposing Granger's motion, the government argued that the Section 3553(a) factors weighed against release because Granger posed a danger to public safety, pointing out that "[d]espite multiple convictions and increasingly lengthy prison sentences for similar conduct, [Granger] still committed the offense that led to his sentence in this case." App'x at 43. The district court did not abuse its discretion by adopting this argument. Prior to the felony convictions underlying his current sentence, Granger had been convicted of three drug-related felonies: a 2003 conviction for conspiracy to manufacture and distribute methamphetamine; a 2009 conviction for criminal sale of a controlled substance in the third degree for selling Suboxone and Vicodin pills; and a 2009 conviction for criminal possession of a controlled substance in the third degree, for heroin and Ritalin pills. He therefore was classified as a career offender. Given that the felony acts underlying his current sentence took place within two years of Granger's release from his term of incarceration for the 2009 convictions, and that Section 3553(a) requires district courts to weigh the need to protect the public from future crimes, the district court did not exceed the bounds of its discretion in denying Granger's motions for compassionate release.

It was also "within the range of permissible decisions," *Borden*, 564 F.2d at 104, for the district court to accept the government's argument that Granger should not be released because he had not yet served at least half of his term of imprisonment remained, particularly given the court's comments during the sentencing process. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) ("Because a defendant's sentence reflects the . . . judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may—along with [other factors]—inform whether immediate release would be consistent with those factors."). In

sentencing Granger, the district court noted that Granger's continued engagement with the same type of criminal conduct, despite serving multiple prison terms, warranted a longer term of imprisonment to encourage deterrence. Because the September 2020 order adopted the reasoning in the government's opposition memorandum that discussed the Section 3553(a) factors, the district court did not abuse its discretion in denying Granger's motions for compassionate release.

We have considered the remainder of Granger's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4