22-765-cr
United States v. Fu Xin Chen (Jia Wu Chen)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-three.

PRESENT:
> **ROBERT D. SACK,**
> **ALISON J. NATHAN,**
> > *Circuit Judges*,
> **GARY R. BROWN**
> > *District Judge.*[*]

---

United States of America,

> *Appellee*,

> v.                                                      22-765

Fu Xin Chen, Wu Guo Shun, You Zhong Peng, Ping-Jing Wu, AKA Chen Ling, Tong You Cheng, Ming-Shun Hu,

> *Defendants*,

Jia Wu Chen,

> *Defendant-Appellant.*

---

[*] Judge Gary R. Brown, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE:                                        Susan Corkery, Ivory L. Bishop, Jr.,
                                                     Assistant United States Attorneys, *for* Breon
                                                     Peace, United States Attorney for the Eastern
                                                     District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:                              Jia Wu Chen, *pro se*, Atwater, CA.

Appeal from an order of the United States District Court for the Eastern District of New York (Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Jia Wu Chen pleaded guilty to three counts of hostage taking. In February 1997, the district court sentenced him without any discussion to a mandatory life sentence under the governing statute. He did not appeal. Then, in 2022, he moved, *pro se*, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He primarily argued that his relative youth (23 years old) at the time of his offense was an extraordinary and compelling reason warranting compassionate release. Chen also invoked the fact that the United States Sentencing Guidelines are now discretionary and the mandatory deportation that he, an undocumented immigrant from China, would face upon release. The district court denied the motion in a text order:

> The defendant committed a series of heinous crimes, namely murder, kidnapping, rape, and torturing his victims. The only appropriate sentence under 18 U.S.C. § 3553(a) is the one he received. Nor are any [of] the defendant's alleged reasons for a sentence reduction extraordinary and compelling. He is serving a statutorily mandated life sentence, *see* 18 U.S.C. § 1203(a), which is not excessive in any sense of the term given the crimes he committed. Moreover, the facts of this case belie any assertion that he lacked impulse control or the ability to understand the consequences of his actions.

App'x at 35 (internal case citation omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

We review the denial of a motion for compassionate release for abuse of discretion. *United*

2

*States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021).  A district court abuses its discretion by ruling based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence," or by "render[ing] a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (citation omitted).  "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges."  *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

A district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in [§] 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  If a defendant is eligible for a reduction, the district court must "determine whether, and to what extent, to exercise its discretion to reduce the sentence."  *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

Even assuming Chen's youth at the time of his offense qualified as an extraordinary and compelling reason for compassionate release, the district court did not abuse its discretion by concluding that a sentence reduction was not warranted.  The record establishes that Chen was the leader of a gang that regularly kidnapped and tortured victims.  His specific offense conduct involved the kidnapping and sexual molestation of three victims, attempted murder of one victim, and murder of another.  The district court therefore did not abuse its discretion by denying Chen's motion for compassionate release based on the serious underlying offense conduct.

Chen argues that the district court abused its discretion by failing to consider his youth and neurological development at the time of his offense and by failing to explicitly consider all of the § 3553(a) factors.  Although a district court must consider "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), we "presume[] that the sentencing judge has considered all

3

relevant § 3553(a) factors and arguments unless the record suggests otherwise," *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020); *see United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (applying *Rosa* to the compassionate release context). Chen does not identify any portion of the record suggesting that the district court failed to consider all of the factors. Although Chen asserts that the district court failed to consider sentencing disparities between himself and other similarly situated defendants, the district court explicitly considered the length of Chen's sentence and concluded that it was warranted.

Further, this Court accords the greatest deference to the district court's weighing of the § 3553(a) factors. *United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007). Therefore, it was not an abuse of discretion for the district court to explicitly consider and place greater weight on "the nature and circumstances of [Chen's] offense," 18 U.S.C. § 3553(a)(1), than other § 3553(a) factors.

Chen argues that the district court's order lacked sufficient information for meaningful appellate review. But a district court's explanation "need not be lengthy" so long as it communicates "some indication of the rationale for the ruling." *United States v. Young*, 998 F.3d 43, 56 (2d Cir. 2021) (citation omitted). Although the district court's order was short, its meaning could hardly be clearer. The order addressed Chen's argument that his youth was an extraordinary and compelling reason warranting a sentence reduction and considered the § 3553(a) factors, as district courts must do under § 3582(c)(1)(A) before granting compassionate release. This is not a case where the district court failed to articulate any rationale for its decision.

We have considered Chen's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4