24-726-cr
United States v. Thomas

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-five.

PRESENT: DENNIS JACOBS,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                              No. 24-726-cr

NEGUS THOMAS, AKA BROWN EYES, AKA B.E.,

    *Defendant-Appellant*,

JERKENO WALLACE, AKA UPTOWN, KELVIN COLEMAN, KIMBERLY CRUZE, LAVAR JACKSON, AKA SMOKEY, PETER PITTER, ENRIQUE STEWART,

KAVOHN TAYLOR, AKA OX,
KUWAN WALLACE, AKA KILLER
Q, SHAKON WALLACE, AKA
SHOCK, AARON WOOD,

*Defendants.*

--------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: EMILY C. KAAS-MANSFIELD, Jacobs & Dow LLC, New Haven, CT

FOR APPELLEE: ROBERT S. RUFF, Assistant United States Attorney (Conor M. Reardon, Assistant United States Attorney, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT

Appeal from an order of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant Negus Thomas appeals from a February 12, 2024 order of the United States District Court for the District of Connecticut (Thompson, *J.*) denying his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and for a sentence reduction under section 404 of the First Step Act, Pub. L. 115–

391, 132 Stat. 5194, 5222 (codified at 21 U.S.C. § 841 note). As relevant here, Thomas was convicted in 2003 of one count of conspiracy to distribute cocaine base and one count of first-degree murder, and sentenced to life imprisonment on both counts. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Thomas first challenges the District Court's order denying his motion for compassionate release under § 3582(c)(1)(A). We review the denial for abuse of discretion. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). A motion for compassionate release under § 3582(c)(1)(A) should be granted if (1) "extraordinary and compelling reasons" warrant release, and (2) the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of the same. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). Here, the District Court considered Thomas's proffered reasons in support of his release, including his record of rehabilitation, health problems, and COVID-19. The District Court nevertheless found that "on balance, the § 3553(a) factors weigh[ed] decisively against resentencing" in light of the aggravated nature of Thomas's crimes. *United States v. Thomas*, No. 02-CR-72, 2024 WL 552775, at *7 (D. Conn. Feb. 12, 2024). "We see no abuse of

3

discretion in the [D]istrict [C]ourt's careful review of the relevant § 3553(a) factors and its conclusion that they militate against a sentence reduction," and therefore affirm the District Court's order denying Thomas's motion under § 3582(c)(1)(A). *Keitt*, 21 F.4th at 72.

Thomas also contends that the District Court erred when it failed to grant his motion for a reduced sentence under section 404 of the First Step Act. We similarly review that decision for abuse of discretion. *See United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). Even assuming that each of Thomas's convictions is a "covered offense" within the meaning of the First Step Act, *see United States v. Young*, 998 F.3d 43, 52 (2d Cir. 2021), the District Court "retain[ed] discretion to decide what factors are relevant as it determine[d] whether and to what extent to reduce [his] sentence" for the offenses, *United States v. Moore*, 975 F.3d 84, 92 n.36 (2d Cir. 2020). Here, the District Court considered Thomas's proffered reasons to reduce his sentence but concluded that these were outweighed by the aggravated nature of his crime. That conclusion is "located within the range of permissible decisions," *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (quotation marks omitted), and we affirm the order insofar as it denied the motion under section 404 of the First Step Act.

4

We have considered Thomas's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court